## Nelson, *et al. v.* Wadsworth, *et al.*

*Bill to Declare a Deed a Mortgage and to Redeem.*

(Decided April 15, 1913.   61 South. 895.)

1. *Mortgages; Deed as; Evidence.*—The rule that to authorize the court to declare a deed absolute on its face to be a mortgage, it is not sufficient to raise merely a doubt whether the instrument speaks the intention of the parties, but the court must be satisfied by a clear preponderance of the evidence that a mortgage was intended, is without application in cases where the writings express a conditional sale, or where it is admitted that there was a contemporaneous agreement different from that expressed in the instrument.

2. *Same.*—The evidence considered and held sufficient to show that it was the intention of the parties that the instrument should operate as a mortgage.

3. *Same; Transfer of a Grantee; Liability of Grantor.*—The grantee who took land as security for a debt under a deed absolute on its face and conveyed the same to purchasers for value without notice, is bound to compensate the owner upon the deed being declared a mortgage and redemption.

4. *Vendor and Purchaser; Bona Fide Purchase; Deed as Mortgage.* —Bona fide purchasers from one holding under a deed absolute on its face are protected against the grantor in such a deed even though the instrument in reality be a mortgage.

Appeal from Autauga Chancery Court.

Heard before Hon. W. W. Whiteside.

Bill by Mary E. Nelson and others against W. W. Wadsworth and others to declare a deed a mortgage, and to redeem.   Decree for respondents, and complainants appeals.   Reversed, rendered, and remanded.

[Nelson, et al. v. Wadsworth, et al.]

The substance of the bill will be found set out in the former report of this case in 171 Ala. 603, 55 South. 120. The account referred to in the opinion is as follows:

J. H. Nelson to W. W. Wadsworth, Dr.

| | | |
|---|---|---:|
| 1895. To amount from store ledger 204 | $ 69 | 93 |
| Jan. 10. To rent for 1894 | 50 | 00 |
| Feb. 21. To amount from store ledger | 10 | 25 |
| April 9. Rent Nelson Place 1893 | 24 | 00 |
| April 9. Rent Nelson Place 1894 | 24 | 00 |
| April 9. Rent of Nelson Place, 1887 | 24 | 00 |
| Interest eight years, five months, to 4/9/95 | 176 | 76 |
| Jan. 8. By sundries | 13 | 00 |
| Jan. 8. By W. F. Glenn | 9 | 00 |
| April 9. Deduction desk | 2 | 50 |
| Difference in land deed 1886 | 38 | 76 |
| Eight years rent at $24 | 192 | 00 |
| By cash | 28 | 00 |
| To balance | 95 | 68 |

The following is Exhibit C:

"Wadsworth, Autauga Co., Ala., Feb. 25, 1903.
"J. H. Nelson, Lightwood, Ala., to W. W. Wadsworth, Dr., Manufacturer of and Dealer in Long Leaf Yellow Pine Lumber.

| | | |
|---|---|---:|
| 1886. Nov. 13. Land | $211 | 24 |
| 1887. Nov. 13. 1 yr. Int | 16 | 90 |
| | $228 | 14 |
| 1888. Nov. 13. 1 yr. Int | 18 | 25 |
| | $246 | 39 |

[Nelson, et al. v. Wadsworth, et al.]

1889.  Nov. 13.  1 yr. Int...................................  19 71
                                                            _____
                                                            $266 10
1890.  Nov. 13.  1 yr. Int...................................  21 29
                                                            _____
                                                            $287 39
1891.  Nov. 13.  1 yr. Int...................................  ·22 98
                                                            _____
                                                            $310 37
1892.  Nov. 13.  1 yr. Int...................................  24 83
                                                            _____
                                                            $335 20
1893.  Nov. 13.  1 yr. Int...................................  26 82
                                                            _____
                                                            $362 02
1894.  Nov. 13.  1 yr. Int...................................  28 96
                                                            _____
                                                            $390 98
1895.  Nov. 13.  1 yr. Int...................................  31 28
                                                            _____
                                                            $422 26
1896.  Nov. 13.  1 yr. Int...................................  33 77
                                                            _____
                                                            $456 03
1897.  Nov. 13.  1 yr. Int...................................  36 48
                                                            _____
                                                            $492 51
1898.  Nov. 13.  1 yr. Int...................................  39 40
                                                            _____
                                                            $531 91
1899.  Nov. 13.  1 yr. Int...................................  42 55
                                                            _____
                                                            $574 46
1900.  Nov. 13.  1 yr. Int...................................  45 96
                                                            _____
                                                            $620 42

[Nelson, et al. v. Wadsworth, et al.]

| | | | | | |
|---|---|---|---|---|---|
| 1901. | Nov. | 13. | 1 yr. Int. | 49 | 63 |
| | | | | $670 | 05 |
| 1902. | Nov. | 13. | 1 yr. Int. | 53 | 60 |
| | | | | $723 | 65 |
| 1903. | Feb. | 25. | 3 mos. and 12 days Int. | 16 | 00 |
| | | | | $739 | 65 |

C. E. O. TIMMERMAN, and W. A. GUNTER, for appellant. On the legal evidence in the case, which was all the evidence the chancellor was privileged to look at, the case was clearly proven in every aspect, and the decree of the chancellor should be reversed and the one here rendered granting relief.—*Nelson, et al. v. Wadsworth, et al.*, 171 Ala. 603; *Napier v. Gulf City Paper Co.*, 177 Ala. 126; *West v. Hendricks*, 28 Ala. 226.

MAC A. SMITH, and RUSHTON, WILLIAMS & CRENSHAW, for appellee. Where several errors are included in one assignment, all must be error or the assignment is not sustained.—*Brent v. Baldwin*, 160 Ala. 635; *Aetna L. I. Co. v. Lasseter*, 153 Ala. 630. It is not reversible error for the chancellor to fail to rule on objections to testimony.—*Meyer Bros. v. Mitchell*, 75 Ala. 475; *Nelms v. Kennon*, 88 Ala. 329. The evidence sustains the decree.—*West v. Hendricks*, 28 Ala. 227; *Chapman v. Hughes*, 14 Ala. 218; *Freeman v. Baldwin*, 13 Ala. 246; *Bryan v. Cowart*, 21 Ala. 92; *Bradley v. West*, 27 Ala. 252.

DE GRAFFENRIED, J.—The bill in this cause, as last amended, was filed for the purpose of having that which purports, on its face, to be an absolute deed con-

veying a fee-simple title to the lands described therein, declared to be a mortgage, and to cancel said mortgage, -or, in the·alternative, if the entire indebtedness secured by the said mortgage is found not to have been fully paid, then to redeem.

The bill, as last amended, contains equity.—*Nelson, et al. v. Wadsworth, et al.,* 171 Ala. 603, 55 South. 120.

"To authorize the court to declare a deed absolute on its face to be a mortgage, it is not sufficient to raise merely a doubt whether the instrument speaks the intention of the parties. The court must be satisfied by a clear preponderance of the evidence that a mortgage was intended and clearly understood by the *grantee* as well as the *grantor.*"—*Reeves v. Abercrombie,* 108 Ala. 535, 19 South. 41; *Morton v. Allen,* 180 Ala. 279, 60 South. 866.

The above "severe rule does not apply in cases where the writings express a *conditional sale,* or where it is admitted that there was a contemporaneous agreement different from that expressed in the instrument."— *Reeves v. Abercrombie, supra; Morton v. Allen, supra.*

(2) It appears from the evidence in this case that J. H. Nelson, then something over 50 years of age, owed W. W. Wadsworth, including a debt which Wadsworth paid one Gullege for him, $211.24, and that on November 13, 1886, the said Nelson, together with his wife, who can neither read nor write, executed and delivered to Wadsworth a conveyance whereby they conveyed to him, in fee simple (so far as the face of the deed shows), 400 acres of land in consideration of $250 in. cash. We think that the evidence discloses that when the conveyance was made the lands were worth considerably more than that sum. Nelson seems to have been at the time he made the conveyance, and probably for several years thereafter, in the employ of Wadsworth

as "his business agent." He died in November, 1907, and according to the testimony of his wife, who was 70 years old when she testified, he, "had been very feeble for several years" before he died. It may be that his business relations with Wadsworth while he was able to attend to business, and his feebleness "for several years" prior to his death, account for his failure to enforce the claim which we now have under consideration.

(3) The reporter will set out the account, which is dated "Wadsworth, Autauga county, Ala., Oct. 26, 1897," and which appears on the lower half of page 40 of the transcript. He will also set out that part of Exhibit C which appears on the lower half of page 49 and the upper half of page 50 of the transcript.

It is admitted by Wadsworth, and the accounts taken from his books, which appear in this record, show, that certainly for a number of years after Nelson delivered to him the above deed he still owed Nelson the difference between the $250 recited in the deed as its considration and the $211.24 which Nelson owed Wadsworth when the deed was delivered. The item, "April 9, 1895, Int. 8 yrs. 5 mos., 4/9/95, $176.76," which appears in the account on the lower half of page 40 of the transcript, read in connection with that part of Exhibit C appearing on the lower half of page 49 and the upper half of page 50 of the transcript, which we have ordered the reporter to set out in his summary of the facts, shows, in our opinion, beyond question, that there must have been, when the deed was delivered, an agreemnt between the grantor and the grantee that the deed was not to be what, on its face, it purported to be, an unconditional conveyance. Those statements are copied from Wadsworth's books, and while Wadsworth testified in this case we find nothing in his testimony which.

consistently with any other theory, explains the presence of those statements on his books. Those statements are strongly corroborative of the testimony of the complainants' witnesses that there was a written agreement giving, as they state it, Nelson 10 years within which to redeem the land. Those statements are contradictory of the testimony of Wadsworth that he made no such agreement, orally or in writing. While this matter is not free from *all* doubt—few human transactions are—we think it clear that there was an agreement when the deed was delivered, understood by both the grantor and the grantee, that the deed was not what it purported to be. The fact that Wadsworth kept this matter on his books and brought it forward from year to year, compounding interest thereon, indicates that there was a *debt,* and, taken in connection with the other testimony in the case upon which we feel that we can rely, stamps the conveyance as, in fact, a mortgage. By so compounding the interest we find from Wadsworth's books that the *debt,* credited with nothing, amounted on February 25, 1903, to $739.65, and if there was no *debt* that entry on his books should not, and, in our opinion, would not, have been made.

(4) A careful examination of the evidence convinces us, however, that James Esco and E. D. Esco, to whom Wadsworth sold a portion of the above lands, are bona fide purchasers of said lands without notice of complainants' right to or claims upon said lands. As to them the complainants are not entitled to recover. Complainants are, however, upon a statement of the account between them and Wadsworth, entitled to a credit for the amount which Wadsworth received from James Esco and E. D. Esco as purchase money for the said lands.

It therefore, in so far as Wadsworth, or his estate, as he is now dead, is concerned, appears that the complainants are entitled to redeem.

The said deed, a copy of which appears in the record as Exhibit A to the bill of complaint, is hereby declared to be a mortgage, and this cause is reversed, rendered, and remanded to the lower court for further proceedings in that court in accordance with this opinion.

Reversed, rendered, and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.