Grand Isle,<br>January,<br>1827.<br><br>Hall<br>vs.<br>Adams.

Judgment of the county court affirmed.

*J. C. Thompson* and *S. S. Brown*, for the plaintiff.

*A. G. Whittemore* and *C. P. Van Ness*, for the defendant.

NOTE.—The same judgment was directed to be entered in another action between the same parties pending in this court for a similar penalty, the causes of both of which actions accrued previous to the commencing of either. Whereupon, *Van Ness*, for the defendant, moved the court, that the cases be consolidated, and that the plaintiff recover but one bill of costs. The statute, he said, applies *in verbis*, only to actions on contract; but in spirit, it applies to this case, where the action is *in form*, on contract, (being debt,) although in essence, it is a *tort*. And he cited 1 *Chitty's Pl.* 156. *Sed per Curiam.* There is no case, it is believed, in which the court have gone beyond the letter of the statute. And the motion was denied.

---

TRUMAN CHITTENDEN *vs.* DANIEL HURLBURT.

Chittenden,<br>December,<br>1826.

Acceptance and payment by the drawee, of a bill of exchange, are not of themselves evidence of money paid by the drawee to the use of the maker, and will not support an action of *assumpsit* for money paid, &c. in favour of the former against the latter.

MOTION by the plaintiff, for a new trial, founded on exceptions taken at the trial below, and certified up by the county court, as follows :

This was an action of *assumpsit*, brought by the said *Truman Chittenden*, as the survivor of *Giles Chittenden* and *Giles T. Chittenden*, late partners, under the firm of *Giles T. Chittenden & Co.* [The declaration contained two counts; one for money had and received, and one for money paid, laid out and expended.]

On the trial of the cause, the plaintiff offered in evidence the following order, to wit, *Messrs. Giles T. Chittenden & Co. Please to pay Hollister & Guindon, or order, fifty pounds Halifax currency, three days after date, for value received.*

(Signed)       DANIEL HURLBURT.

*St. Johns, June* 21, 1817.

*Accepted, June* 21, 1817.      G. T. CHITTENDEN & Co.

*Received the within, June* 23*d*, 1817, *by part of Gage's draft on Mr. Josh. Whitney, of Quebec, at thirty days sight.*

HOLLISTER & GUINDON.

Chittenden,
December,
1826.

Chittenden
vs.
Hurlburt.

The hand-writing of *Daniel Hurlburt*, of *Giles T. Chittenden*, and *Hollister & Guindon*, was admitted.

This was the only evidence offered by the plaintiff, in support of his claim.

After this evidence was offered and read to the jury, the defendant's counsel moved for a *nonsuit*, and the Court being of opinion, that the evidence offered by the plaintiff was not sufficient to support his claim, directed a verdict for the defendant.

To which decision of the Court the plaintiff excepted, &c..

*Adams*, in support of the motion. The order drawn by the defendant was proper evidence to show, that the money was paid at the request of the defendant. The liability of the acceptor is not on the ground that he has funds of the drawer, for he is equally liable on an accommodation bill. Every contract must be founded on some consideration; and there is nothing in the law relative to bills of exchange, to render the case of an acceptor an exception. The consideration to charge an acceptor, is the liability of the drawer to pay him the amount of the acceptance, as money for his use.

But it is said, that a suit will lie in favour of the drawer against the acceptor. But no case can be found, unless it be when the bill is payable to the drawer, and expresses to be for value received.

If the acceptor was liable to the drawer as such, the bill might be given in evidence on the money counts, which cannot be done.—2 *Phil. Ev.* 31.—3 *Camp.* 101, *Thompson* vs. *Morgan*.

If the acceptance is on the ground of funds, it is in the power of the drawer to show it; but the acceptor cannot prove a negative.

If *Hurlburt* had funds in *Chittenden's* hands at the time of the acceptance, they will not be affected by the judgment in this case, but may be drawn out by suit. If the acceptance is evidence of funds, it is not evidence of a specifick debt, nor of payment upon a particular debt; and if evidence only of payment *generally*, could not be allowed without a plea in offset.

If it is good evidence upon a plea in offset, it is equally good in this suit.

*Bayley* and *Foote*, contra. The general question which the case presents for consideration, is, does the acceptance of a bill of exchange import *value received* of the drawer, or, in other words, that the *drawee* has funds of the *drawer* in his hands, to the amount of the acceptance? If such be the legal import of an acceptance, it follows, that the acceptor cannot maintain an action against the drawer for money paid to his use, without actual proof that the drawer had not effects in his hands, and that he accepted the bill for the honour and accommodation of the drawer.

To determine this question, it will be necessary to consider the relation which subsists between the parties to a bill of exchange, more particularly the *drawer* and the *drawee* or *acceptor*, and to ascertain their respective rights and liabilities.

*Chittenden,*
*December,*
*1826.*

*Chittenden*
*vs.*
*Hurlburt.*

A bill of exchange is defined to be an open letter of request from one person to another, desiring him to pay, on his account, a sum of money therein mentioned, to a third person. And says Mr. Chitty, "it is consequently an assignment to the payee of a *debt due* from the *drawee* to the *drawer.—Chitty on bills, p.* 2.— 5 *Wheaton,* 282, 285, *Manderville* vs. *Welch.*

In *Stock* vs. *Mawson,* 1 *Bos. and Pull,* 291, Heath, J. says, "a bill of exchange is nothing but an order on the drawee to pay so much out of the effects of the drawer in his hands, and *the acceptance is evidence in law, that the acceptor has such effects.*" In the same case, *Buller, J.* remarks, "supposing (as we must) that these bills (of exchange) were drawn *for value,* until the acceptors pay them, *they are indebted to the drawer to their amount.* See also 3 *Term R.* 182–3, *Vine* et al. vs. *Lewis* et al.—17 *Johns. R.* 248, *Woolcott* vs. *Van Santvoord.*—2 *Ph. Ev.* 26.

The reason given for the introduction of bills of exchange, and the instances put by the elementary writers, to illustrate their nature, suppose that the *drawee* is the *debtor* of the drawer, and clearly show, that the acceptance is an undertaking by the drawee, to pay the amount of the bill, that is, so much of what he owes the drawer, to a third person.—*Kyd on Bills,* 156.— 2 *Black. Com.* 466.

So, on the presentment of a bill for acceptance, the drawee is allowed sufficient time (usually twenty-four hours) to examine the state of his accounts with the drawer, and to ascertain whether he has effects in his hands, before he accepts.—*Chitty on bills,* 212.—*Bayley on Bills,* 139.

The maker of a promissory note stands, after endorsement, in the same relation to the endorsee, which the acceptor of a bill holds to the payee. Says the endorser to the maker, "pay the contents of this note to A. B." and the drawer directs the drawee to pay the money or effects of the drawer in his hands, to C. D. (*Kyd on bills,* 35.) In both cases, there is a transfer or an *exchange* of a pre-existing debt.

The rule which requires notice of the dishonour of the bill to be given by the holder to the drawer, is founded upon the legal presumption, that the drawee had effects of the drawer in his hands. (*Chitty on bills,* 150–1.—1 *T. R.* 410, *Bickerdike* vs. *Bollman.*) It is to enable the drawer to recover the funds, before the drawee becomes insolvent.—3 *Campb. R.* 282, *Collott* et al. vs. *Haigh.*

So far are the acceptance and payment from being, of themselves, sufficient to support an action in favour of the acceptor against the drawer, that, if the bill, after acceptance, returns to, and is taken up by the drawer, he may recover the amount of it of the acceptor, unless the latter can show that the drawer had no funds in his hands.—2 *Philip's Ev.* 31–2.—*Chitty on bills,* 252.—7 *T. R.* 572, *Cowley* vs. *Dunlap.*—*Peake's Ev.* 221–2. —1 *Selwyn, N. P.* 286.—2 *Bro. P. C.* 43.

If the drawee, without effects in his possession, accept and pay the bill for the accommodation of the drawer, he may, upon

*Chittenden,*
December,
1826.

*Chittenden
vs.
Hurlburt.*

proof of the want of funds, maintain an action against him for the sum paid. But, in as much as in consideration of law, the acceptor, *qua* acceptor is not the *creditor* of the drawer, but, on the contrary, is his *debtor*, it is incumbent upon him, if he would avail himself of a want of funds, as a ground of defence in an action by the drawer against him, or as the foundation of a claim against the drawer, to make positive and direct proof of the fact.

The legal presumption, that the acceptance was for value, must, in all cases, be rebutted by the acceptor.

The defendant, therefore, insists that the charge of the court in this case, was conformable to law, and that a new trial ought not to be granted.

The opinion of the Court was pronounced by

SKINNER, Ch. J. This is an action of *assumpsit*, brought by *Truman Chittenden*, surviving partner of *Giles T. Chittenden & Co.* against *Daniel Hurlburt.* The declaration contains two counts, one for money had and received, the other for money paid, laid out and expended. Upon the general issue a trial was had at the last August term of the county court. The plaintiff, in support of his claim, offered in evidence a bill of exchange of the following tenor, viz: "Messrs. Giles T. Chittenden & Co. please to pay *Hollister & Guindon,* or order, fifty pounds Halifax currency, three days after date: for value received. St. Johns, June 21, 1817, (*signed*) DANIEL HURLBURT." This draft was accepted by the drawees on the day of the date, and by them paid on the 23d of the same month. No other evidence was offered on the part of the plaintiff. The Court instructed the jury, that the evidence was not sufficent in law to entitle the plaintiff to recover, and therefore directed a verdict for the defendant, to which decision the plaintiff excepted, and the case having been made by the parties, this Court is called upon to revise that decision. It is true, as insisted by the counsel for the plaintiff, that the draft was proper evidence to show the money paid at the *request* of the defendant, and it would avail him in case *Hurlburt* should attempt to enforce a claim against him. It is also true, that the acceptor is as liable to the holder, upon an accommodation bill, as upon a bill where he has funds of the drawer in his hands; but these are principles that do not bear upon the question. It is contended, that a consideration is necessary to support the contract, and that the only consideration by which the acceptor is holden, is the liability of the drawer to pay him the amount of the acceptance, as money for his use.

The acceptor is liable to a third person who holds the bill for value, whether there be any consideration, as between the acceptor and drawer or not, (5 *Wheat.* 277) yet a want of consideration will protect him against the drawer. (2 *Ph. Ev.* 6, *note.*) It does not follow of course, that such consideration consists in the *liability* of the drawer to *pay* to the acceptor the amount, &c.

If the acceptor has the funds of the drawer in his hands, this surely is a sufficient consideration. It is contended by the plaintiff's counsel, that if the drawee is of course liable to the drawer by the acceptance, such bill might be given in evidence by the drawer, against the acceptor upon the money counts, and that the law is otherwise. Whether the law upon this point may be considered as so settled at this time, or not, is not very material to inquire, although there certainly is some doubt. The doctrine advanced by *Lawrence*, justice, in the case of *Cowley* vs. *Dunlop*, 7 *T. R.* 572, is to that effect. He says, he sees no reason to raise an implied *assumpsit*, as for money paid by the drawer, when the contract arising out of the bill, and the custom, are fully sufficient to enable him to recover what he may be obliged to pay, on the acceptor's refusal. The position that the law merchant is not here recognized, is incorrect as applicable to bills of exchange. Notes of hand, it is true, are not in this state, as in England, by statute placed upon the footing of bills. The law merchant has ever, by our courts, been considered as binding upon them. It is a part of the common law, which is expressly adopted by our statute. If the bill in question, after acceptance, had been protested for non-payment, and recourse had by the holder upon the drawer, for satisfaction, the determination of the question, as to the right of the drawer to maintain an action against the acceptor, will decide the question before the Court; for if such action can be sustained, this cannot. It has already been remarked, that the want of consideration as between the immediate parties to a bill or note, will constitute a good defence. The contract is *nudum pactum*. And the only question in this case is, on whom does the burden of proof fall? or rather, what is the presumption of law as to the drawee's having effects of the drawer in his hands upon the acceptance of the bill. All the books, in treating upon the subject, say, that a bill of exchange is in contemplation of law an assignment of a debt due from the drawee to the drawer. The acceptance by the drawee is *prima facie* evidence of his having in his hands effects of the drawer to the amount of the bill.

The question as to his liability to the drawer, was solemnly decided in King's Bench, in the case of *Simmonds* vs. *Parminter and Barrow*, 1 *Wils.* 185. That decision was affirmed in the house of lords, and has never since been questioned. *Lawrence*, justice, in the case before referred to, in which he holds that the bill cannot be given in evidence upon the money counts, by the drawer, considers the acceptor liable of course to the drawer, upon the latter's taking up the bill.

Judgment of county court affirmed.

* *Charles Adams*, for the plaintiff.

*B. F. Bayley* and *Alvin Foote*, for the defendant.

*Chittenden,*
*December,*
*1826.*

Chittenden
*vs.*
Hurlburt.

R. acc. Nash
*vs.* Harring-
ton, ante, p. 9.