Fisher *v.* Beckwith.

EDWIN FISHER *v.* JOHN BECKWITH.

There is no rule, requiring that a bill of exchange should be actually shown to the drawee, in order to a valid and binding acceptance;—it is enough, if, when applied to for acceptance, he is enabled, by seeing the bill, or otherwise, to give an intelligent answer.

An acceptance of a bill of exchange is not a contract within the statute of frauds; it is rather an undertaking to pay the acceptor's debt to the drawer, than to pay a debt due from the drawer to the payee.

An acceptance of a bill of exchange, by parol, is not void for want of consideration, when it appears that there was then a debt due from the acceptor to the drawer, on account of which the bill was drawn.

And the contract between the acceptor and the payee, created by the acceptance, cannot be affected by any subsequent arrangement between the acceptor and the drawer.

Where a bill was drawn payable on demand, and the plaintiff alleged an acceptance according to its tenor, and it appeared, from the evidence, that the acceptor, upon being applied to for acceptance and payment, replied, that the drawer had told him all about it, that it was all right, and that he would pay it in a few days, it was held no variance.

ASSUMPSIT.   The plaintiff alleged, in his declaration, that one Woodman, on the 20th day of March, 1843, at Norway, in the State of Maine, drew his bill of exchange upon the defendant, thereby requiring him to pay to the plaintiff, or order, nineteen dollars, on demand, and that the defendant, on the first of April, 1843, accepted

Fisher v. Beckwith.

the said bill, and thereby became liable to pay to the plaintiff the sum therein specified, according to its tenor. Trial by the court, upon a case stated,—REDFIELD, J., presiding.

It was agreed by the parties, that the bill described in the declaration was drawn, as therein alleged, and that, in April, or May, 1843, the plaintiff handed the bill to one Denison, as his agent, to call on the defendant and notify him thereof, and to ascertain whether he would accept the same ; that Denison, within a few days, saw the defendant at Sutton, where he resided, and notified him that he had the bill, and the defendant replied, that he had seen Woodman, who was then in the vicinity, and Woodman had told him all about it, and that it was right, and that he might tell the plaintiff that he would be at Burke in a few days and would pay the money on the bill ; and that Denison, shortly after, communicated this to the plaintiff. It was shown, also, to the court, that the defendant, after this, paid the note which he owed to Woodman, and on account of which the bill was drawn.

Judgment for plaintiff, by consent. Exceptions by defendant.

———— for defendant.

1. The defendant's saying that he would pay the order to the plaintiff was a promise to pay the debt of another and void by the statute of frauds, not being in writing. 2 Stark. Ev. 231, n. (a.)

2. There was no consideration for his promise, as no liability was extinguished between the defendant and Woodman, or between Woodman and the plaintiff.

3. This order was not a mercantile draft, so that a parol acceptance would bind the defendant.

4. The defendant has been compelled to pay his whole debt to Woodman ; so that, if held liable in this suit, he will be compelled to pay so much of his debt twice.

5. Presentment of the draft was necessary, in order to fix the defendant. It does not appear by the case, that Denison had the order with him ; he did not inform the defendant of its amount, nor when it was payable; nor did he ask for the defendant's acceptance, nor demand payment. Bayl. on Bills 112, 113, 140.

6. If there was any acceptance, it was conditional, and should have been so declared upon. Bayl. on Bills 112–114.

*G. C. & E. A. Cahoon* for plaintiff.

1. An absolute acceptance of a bill of exchange is an engagement to pay it according to its tenor ; and this may be done by *parol.* 1 Swift 424, 425, 429. Esp. N. P. 106. *Clarke* v. *Cock,* 4 East 67. *Johnson* v. *Collings,* 1 East 103. Chit. on Bills 223. *Sproat* v. *Matthews,* 1 T. R. 182. *Lumley* v. *Palmer,* Rep. Temp. Hard. 74.

2. The fact, that the defendant, after he had promised to pay the order to the plaintiff, paid to the drawer the note, on account of which the order was drawn, cannot affect the plaintiff's right of recovery. *Pillans et al.* v. *Van Mierop et al.,* 3 Burr. 1663. 1 Esp. N. P. 115, 117. *Thornton et al.* v. *Dick et al.,* 4 Esp. R. 270.

The opinion of the court was delivered by

Royce, J. It is objected in behalf of the defendant, that there was not a due presentment of the order, either for acceptance, or payment,—nor any valid acceptance.

The case does not show, that the order was exhibited to the defendant, though he was informed by Denison, the plaintiff's agent, that he had it ; and this was at Sutton, the defendant's place of residence. But an actual view, or precise description, of the order was not important to the defendant, under the circumstances. He had previously been apprised of all that was material by Woodman, the drawer ; and his language to Denison fully implied, that he neither wished to see the order, nor to be more particularly informed respecting it. Besides, there is no rule, requiring that a bill of exchange must be actually shown to the drawee, in order to a valid and binding acceptance. A party may bind himself by an acceptance of a bill not yet drawn ; as in the great case of *Pillans et al.* v. *Van Mierop et al.,* 3 Burr. 1663. It is enough, if, when applied to for acceptance, he is enabled, by seeing the bill, or otherwise, to give an intelligent answer. 1 Har. Dig. 493, and cases there cited. In this instance, the question of a proper presentment for acceptance is involved in that regarding the validity of the acceptance itself ; for if the bill, or order, was well accepted, it is idle to say it was not sufficiently presented for that purpose.

A distinct presentment for payment is usually necessary, in order to fix the liability of antecedent parties to the bill, as the drawer and indorsers. It is always so, for that purpose, when the time of

payment is to be distinct, and subsequent to that of acceptance. The reason is, that the undertaking of such parties is conditional, requiring a demand of payment, when due by the terms of the bill, and timely notice back to them, if payment is refused. But the obligation of the acceptor, if he accepts without qualification, is as absolute as that of the maker of a note. And hence it is laid down as a rule, that "the acceptor of a bill, or maker of a note, is *in general* liable thereon, although the instrument has not been presented for payment; it being legally incumbent on the acceptor, or maker, to discover the holder, and pay it without presentment." Chit. Cont. 728. *Turner* v. *Hayden*, 4 B. & C. 1. It is sufficient, however, for the present purpose, to notice, that the bill in question was made payable at sight, or on demand; so that a general acceptance would entitle the holder to immediate payment.

It is objected to the acceptance, that it was an undertaking to pay the debt of another, viz. the debt of Woodman to the plaintiff, and, being by parol and not in writing, was void under the statute of frauds,—that it was given without consideration,—and that it was a conditional or partial acceptance, and therefore variant from the declaration.

It is not disputed, that, at common law, a parol or oral acceptance of a bill may be sufficient and binding. Nor am I aware, that, in an ordinary case, it was ever held to be a contract within the statute of frauds. Most, if not all, the reported decisions, adjudging such an acceptance good, have been subsequent to the English statute of frauds. *Ereskine* v. *Murray*, 2 Str. 817; *Lumley* v. *Palmer*, Ib. 1000; *Sproat* v. *Matthews*, 1 T. R. 182; and many others. It is the common presumption, that a bill of exchange in the usual form is drawn on account of some indebtedness from the drawee to the drawer. *Vere* v. *Lewis*, 3 T. R. 182. *Symons* v. *Parmenter*, 1 Wils. 185; 2 Br. P. C. 43, S. C. in error. *Chittenden* v. *Hurlburt*, 2 Aik. 133. And in the present case that presumption is confirmed by evidence. It follows, that the defendant's acceptance was rather an undertaking to pay his own debt to Woodman, than Woodman's debt to the plaintiff; although such a payment of the former might operate as payment of the latter also.

What has been said disposes of the objection for want of consideration.

Lyndon *v.* Cook.

And if the plaintiff acquired a cause of action upon the accept-ance, it could not be discharged, or affected, without his consent, by what afterwards took place between the defendant and Woodman.

It only remains to say a word upon the point of variance. The declaration alleges a promise of the defendant, consequent upon his acceptance of the bill, to pay it according to its tenor. It was drawn payable on demand, and the defendant said he would pay it in a few days. But we think it is not to be inferred, when all his declara-tions are considered, that he meant to qualify his immediate liability according to the terms of the order. He had already declared, that "Woodman had told him all about it, and that it was right." These expressions import that the requirement to pay on demand was right, and that he assented to it; whilst those which followed were indefinite as to time, and were apparently used to gain a short indul-gence, rather than to postpone his legal liability.

Judgment of county court affirmed.