# Ragsdale *v.* Gresham.

### *Action of Assumpsit.*

1. *Acceptance of order of bill of exchange; its effect.*—The acceptance of a bill of exchange, which is founded upon a consideration of value, imports an engagement on the part of the acceptor to pay the bill to the payee or the rightful owner thereof, when, according to its terms, it becomes due and payable; and the acceptor thereby becomes primarily the principal debtor, his obligation being similar to that of the maker of the promissory note.

[Ragsdale v. Gresham.]

2. *Consideration of written agreement; may be impeached.*—Under the statute (Code § 1800) the consideration of any written instrument which is the foundation of a suit, may be impeached at law, and it may be shown to have been made without consideration, or that the consideration has failed.

3. *Pleading; sufficiency of plea, of want of consideration.*—A plea which avers that there is no consideration for the written instrument upon which action is founded, is sufficient as a plea for the want of the consideration, and not subject to demurrer for failing to aver in what way the writing is wanting in consideration.

4. *Statute of Frauds; acceptance of draft or order not without statute.*—An acceptance of a draft or a written order is not a collateral promise to pay the debt of another within the statute of fraud. Since it is between the acceptor and the payee, it is an original and direct undertaking.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

The action in this case was brought by the appellant, M. C. Ragsdale against the appellee, H. K. Gresham. There were six counts in the complaint, the first five being common counts for money had and received, etc. These require no notice, as none of the questions raised relate to them. The sixth count, filed the 12th of March, 1903, was as follows: "And plaintiff further claims of defendant the sum of Fifty-eight and 95-100 dollars, due on an order issued by J. M. Anderson on the 19th of September, 1902, as follows: 'Mr. H. K. Gresham. Dear sir:—Please pay to M. C. Ragsdale, Nineteen and 65-100 dollars on the 1st day of November, 1st day of December and 1st day of January after date,' dated Sept. 19, 1902; and plaintiff avers the defendant accepted said order on the 19th day of September, 1902, which sum with interest is now due and unpaid."

The defendant pleaded the general issue, and three special pleas, which were as follows: "3d. That there is no consideration for the order upon which said cause of action was founded." 4th. "That said order upon which said cause of action was founded, is void under the statute of frauds, for it was an agreement or promise to answer for the debt, default, or miscarriage of another, and which is not in writing expressing the con-

sideration therefor." 5th. "That the acceptance of the order set out in the plaintiff's complaint, by the defendant, was a promise to answer for the debt, default or miscarriage of another, which is not in writing expressing the consideration therefor, and is, therefore, void under the statute of frauds."

The plaintiff demurred to each of these special pleas upon the grounds, that it is not averred that the order was given to pay any one's debt, except the defendant's; that they were no answer to the complaint; and that it was not averred in what way or under what circumstance the order is wanting in consideration. Each of the demurrers was overruled.

The plaintiff introduced in evidence the order which was copied in the 6th count of the complaint, and then as a witness in his own behalf, testified that Anderson was indebted to him for having paid a note which he had endorsed for Anderson, and which upon Anderson's failure to pay it, he did; and that the order sued upon was given to him by Anderson in payment of Anderson's indebtedness to him by reason of having paid said note.

The defendant testified that he had rented a sawmill from J. J. Anderson,—the drawer of said order,—and was to pay him $45 per month for the rent of the same; that the order was drawn and given by Anderson to pay the plaintiff,—whom Anderson owed,—money which was to become due for the rent of the sawmill, and defendant accepted said order when it was presented to him by plaintiff;-that he, the defendant, operated the sawmill for a few days after he accepted the order, when one J. W. Rarden, who had a mortgage on the mill from Anderson to him, took from defendant the possession of the mill and then and there rented it back to defendant on the same terms and conditions that he, the defendant, had been operating it under his contract with Anderson, and defendant ran it on under this agreement with Rarden. He testified on cross-examination that he owed Anderson a small balance on the previous month's rent, at the time he accepted the order; that when he operated the mill under Anderson, he had a

written lease from him, by the terms of which he rented the mill from May 1st, 1902, to January 1st, 1903, at $45 per month, due and payable at the first of each month; that Anderson told him, a few days after he accepted said order, not to pay it, as he had sold the mill to Mr. Rarden, to pay off a mortgage he held on the mill; that he accepted the order as shown by it, and that he never paid anything thereon, and that plaintiff demanded its payment before he commenced this suit.

J. W. Rarden testified, that he had a mortgage on the mill due and payable before the date of the lease contract between defendant and Anderson; that after he heard of the same, he went to see Anderson about it, and told him he intended to foreclose his mortgage, and take possession of the mill, and Anderson then and there sold him the mill to avoid foreclosure of the mortgage, and in payment of the mortgage debt; that he then went to the mill to see the defendant, and then and there took posssssion and rented the property to defendant for $45 per month; that defendant ran the mill until sometime in December, when he, witness, sold it to some other parties; and that as soon as he heard that Anderson had drawn said order in favor of plaintiff, he went and closed the matter out and rented it to defendant.

As this evidence was being introduced in answer to questions by defendant, the plaintiff objected on the grounds, that it was illegal, irrelevant and immaterial, and was evidence of the acts of a third person, not a party to the suit, and moved to exclude it on the same grounds, but the court overruled said several objections, and plaintiff reserved an exception, in each instance.

The plaintiff requested the court to give the general affirmative charge in his favor, and duly excepted to the court's refusal to give the same as asked. The plaintiff also duly excepted to the court's giving at the request of the plaintiff, the general affirmative charge in favor of the defendant. There were verdict and judgment for the defendant. The plaintiff appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

[Ragsdale v. Gresham.]

PINCKNEY SCOTT, for appellant, cited *Banks v. Weems,* 44 Ala. 109; *Lyon v. Robertson,* 50 Ala. 74; *Litchfield v. Falconer,* 2 Ala. 280; *Wilson et al. v. Isbell,* 45 Ala. 147; *Battle v. Weems,* 44 Ala. 109; *Anderson v. Jones,* 102 Ala. 538; *Capital City Ins. Co. v. Quinn,* 73 Ala. 558.

J. A. ESTES, *contra,* cited *Jordan & Sons v. Thompson,* 117 Ala. 476; *White v. White,* 107 Ala. 423; *Carlisle, Jones & Co. v. Campbell,* 76 Ala. 247; *Underwood v. Lovelace,* 61 Ala. 155; *Thornton v. Guize,* 73 Ala. 321; *Dunbar v. Smith,* 66 Ala. 490.

HARALSON, J.—It is perhaps unnecessary, for the purposes in hand, to determine the exact character of the order sued on, whether it is negotiable paper or not, since it remained in the hands of the payee, and the question of a *bona fide* purchaser for value does not arise, and since the obligation or liability of the acceptor is the same, whether negotiable or not.—*Battle v. Weems,* 44 Ala. 105.

The effect of the acceptance of the order was, to constitute the acceptor the principal debtor. By the act of acceptance he assumed to pay the order or bill, and became the principal debtor, for the amount specified; the acceptance being an admission of everything essential to the existence of such liability. It admits that the acceptor had funds of the drawer in his hands, for the drawing of the order or bill implied this.—1 Daniel on Negotiable Instruments, §§ 552, 554. "A bill," says Mr. Parsons, "is presumed to be drawn on funds, with the understanding between drawer and drawee that it is an appropriation of the funds of the formed in the hands of the latter; and acceptance is an admission that it was so drawn, and of such relation between the parties." 1 Parsons on Notes and Bills, p. 323.

"An acceptance admits the genuineness of the signature, and the acceptance of the drawee of the bill. It imports an engagement upon the part of the acceptor to the payee or other lawful holder thereof, to pay the bill according to the tenor of the acceptance when it be-

comes due, upon the presentment thereof."—Story's
Bills of Exchange, § 113.

In *Capital City Insurance Company v. Quinn,* 73 Ala.
560, BRICKELL, C. J., reiterates the same doctrine thus:
"The acceptance of the bill, which seems to have been
contemporaneous with its drawing, and is founded on a
consideration of value,—the pre-existing debt of the
acceptors to the payees [drawer] imports an engage-
ment upon the part of the acceptors, to pay the bill to
the payees, or the rightful holder thereof, when accord-
ing to its terms, it became due and payable. The ac-
ceptors became the primary, principal debtors, and
their obligation was similar to that of the makers of a
promissory note."

"When an acceptance is once made, if the bill has
been delivered to the holder, the transaction is complete,
and the acceptance is irrevocable."—Story on Bills, §
252.

In this connection, it may be said, that under our stat-
ute, (Code 1896, § 1800), the consideration of every and
any written instrument, the foundation of the suit, may
be impeached at law, and shown to have been made with-
out consideration or that the consideration has failed.
*Hart. v. Life Ass'n.,* 54 Ala. 498.

The 3rd special plea simply set up, that there was no
consideration for the order. This was a plea of want
of consideration, and was good under our statute, and
the demurrer to it, that it did not aver in what way or
under what circumstances the order was wanting in
consideration, was properly overruled.—*Giles v. Wil-
liams,* 3 Ala. 316; *Kolsky v. Enslen,* 103 Ala. 97.

The burden was on the defendant to show a want of
consideration. This burden was not discharged. When
Anderson drew this order, and it was accepted by de-
fendant, Anderson was indebted to Ragsdale, which in-
debtedness the order on defendant was designed to pay;
and at the time it was drawn, the defendant owed a
small sum to Anderson, and was under written obliga-
tion to him, to owe him for the lease of the mill in the
future, an amount sufficient to pay the entire order. The
acceptance of the order rendered the defendant the

principal and original debtor to plaintiff, the payee of the order, for the entire amount of the order. What the defendant proposed to prove, and what he was allowed to introduce in evidence to show, was illegal and irrelevant to show that there was a want of consideration for drawing said order, and was open to the objections of plaintiff to its introduction. Rarden, the party who held the mortgage on the saw mill leased by Anderson to the defendant, and Anderson and defendant could not by the arrangement between them, shown in the evidence, nullify the consideration for the order, and their efforts for this manifest purpose, were without legal efficacy to that end.

The demurrer to the 4th and 5th pleas, should have been sustained. "An acceptance is not a collateral promise to pay the debt of another within the statute of frauds." As between the acceptor and the payee, it is an original and direct undertaking.—*Raborg v. Peyton,* 2 Wheat. 386-7; *Fisher v. Beckwith,* 19 Vt. 31; *Barker v. Prentiss,* 6 Mass. 430; Daniel on Neg. Instruments, § 567; *Autman v. Fletcher,* 110 Ala. 452; *Coleman v. Hatcher,* 77 Ala. 217; *Woodruff v. Scaife,* 83 Ala. 152.

The court refused the general charge for the plaintiff and gave a like charge for the defendant. In this there was error.

Reversed and remanded.