# Town of Albertville *v.* Hooper.

### Assumpsit.

(Decided May 18, 1916.   Rehearing denied June 30, 1916.
72 South. 258.)

1. **Taxation; Execution; Summary Remedy.**—Under § 1313, Code 1907, an execution issued for taxes is a nullity unless there has been written assessment of the property to the owner.

2. **Same; Assessment.**—The term "assessment" commonly includes both the preparation of a list comprising a description of the persons or property liable, and an estimate of the value of the property.

3. **Same; Necessity.**—An assessment is an indispensable prerequisite to the validity of a tax against an individual.

4. **Same.**—Where the assessment books showed no personal property and made no reference thereto, except certain entries in red ink, explained orally as being the method of designating personal property values, and the assessment roll was not made by any authorized person, the assessment was a nullity.

5. **Same; Wrongful Sale; Remedy.**—Where, without authority of law, a municipality sells property under tax execution, the owner may waive the tort, ratify the sale, and recover the purchase money received by the municipality.

6. **Assumpsit; Nature.**—A general assumpsit is an equitable action in its nature.

7. **Same; Defenses.**—In general assumpsit no recovery can be had of money which ex aequo et bono belongs to defendant.

[Town of Albertville v. Hooper.]

8. **Taxation; Unlawful; Recovery.**—It is no defense to an action to recover the value of property sold for taxes, to say that the tax payer may be ultimately liable for such taxes, since to allow such defense, would be to legalize the trespass.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by J. F. Hooper against the town of Albertville to recover for property unlawfully sold for taxes. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals. -

The action is by a citizen of the town of Albertville to recover a sum of money paid by him through his agent as purchase money for certain chattels sold by defendant municipality under a general execution against plaintiff for the satisfaction of an alleged judgment for municipal taxes on his personal property subject to taxation in said town. The execution was regular on its face, and was issued under the authority of the town counsel regularly expressed. The assessment upon which it was founded is shown to have been in the following form: In the first column of the assessment book, against plaintiff's name, items of real estate appear. In another column, headed "Total Value of R. E.," appears in black ink the amount of $6,700, and in red ink the amount $66,678. There is no column showing personal property assessed, nor is there any reference to personal property. In the final column, headed "Total Taxes," appears the entry "33.50 R. est.," and under it the entry, "333.29 P. P." The compiler of the separate book explains that the figures in red ink related to personal property.

McCORD & ORR, and GOODHUE & BRINDLEY, for appellant. STRRET & BRADFORRD, for appellee.

SOMERVILLE, J.— (1-3) An execution issued by the town clerk under section 1313 of the Code, for the collection of delinquent taxes, is manifestly a complete nullity unless there has been a written assessment of the defendant's property.

"The term (assessment) commonly includes two distinct processes: First, the preparation of a list by the proper officers, comprising a description of all the persons or property found within the jurisdiction, and liable to contribute to the particular tax; and, second, an estimate by the assessors of the value of the

[Town of Albertville v. Hooper.]

property, of whatever character it may be, which is to be called on to contribute, thus forming the basis of an apportionment of the whole tax among the taxable persons within the district. The list, when thus completed, is usually denominated the 'tax list' or 'assessment roll.' "—Black on Tax Ttitles (2d Ed.) § 89.

"The assessment is an indispensable prerequisite to the validity of a tax against any individual, for without a valid assessment there can be no lawful attempt to collect the tax or to enforce it against any specific property. Mere irregularities in the assessment will not affect its validity, but only such omissions or defects as go to the jurisdiction of the assessors, or deprive the taxpayer of some substantial right."—37 Cyc. 987b.

(4) In the instant case nothing had been done by the municipality which can, even by the most liberal courtesy, be designated as an assessment of the plaintiff's personal property. The required assessment is not merely irregular or defective; it is simply nonexistent. For, certainly, the simple entry of the total amount computed as a personal property tax is not an assessment, without some sort of listing of the property itself.

Again, the assessment roll must be made by the city clerk or some person authorized by the town council. This assessment roll was not made by an authorized person, and apparently he merely copied the total assessed value of personalty from the county assessment book for the preceding year, without any reference to the items or the mass of property to be taxed; in short, it does not appear from the book that plaintiff owned any personal property whatever. Hence jurisdiction of the personalty was never acquired by the municipality.

Our judgment is that the assessment was a legal nullity; that there was nothing to support the execution under which plaintiff's property was seized; and that the sale of it was a sheer conversion by the municipality, without any authority of law.

(5) In such cases it is well settled that the owner may waive the tort, ratify the sale, and recover the purchase money received by the tort-feasor.—*Lewis v. Dubose,* 29 Ala. 219, 220; *Blackshear v. Burke,* 74 Ala. 239; 4 Cyc. 332 (111).

There is no escape from the conclusion that plaintiff was entitled to recover the amount awarded by the verdict, and the jury were properly instructed to so find.

(6, 7) It is true, as argued by counsel for appellant, that general assumpsit is an equitable action, and under it a recovery

[Sulzby v. Palmer.]

should not be allowed of money which ex æquo et bono belong to the defendant. But the authorities cited in that behalf have no application to a case where property has been tortiously seized under a writ issued on an assessment that is wholly void, and not merely irregular or defective. A summary of these authorities will be found in the text of 37 Cyc. 1174, 1175; C: "An action at law may be maintained to recover taxes where they were wrongfully and illegally assessed and collected. * * * But no such action can be based on *mere irregularities or informalities,* in the assessment not affecting the substantial justice of the tax." (Italics supplies.)

(8) An equitable right to money cannot arise out of a trespass. To hold that the defendant municipality can equitably retain the money received from an unlawful seizure and conversion of the plaintiff's property would be to sanction and legalize the trespass itself.

The trial judge properly instructed for the plaintiff, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.