(76 South. 404)

SMITH et al. v. AUSTIN. (5 Div. 666.)

(Supreme Court of Alabama. June 7, 1917.)

COUNTIES 150(3)—LIMITATION ON INDEBTEDNESS — "ASSESSED VALUE" — "ASSESSMENT."

"Assessed value," as used in Const. 1901, § 224, providing that no county shall become indebted in an amount greater than 3½ per cent. of the assessed value of the property therein, means the value of the property assessed for taxation, the value on which the tax rate is imposed for the production of taxes, since an "assessment" is a quasi judicial act, consisting in making out a list of the taxpayer's taxable property and fixing its valuation or appraisement, being an official valuation by authorized officers for the purpose of taxation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assessment; Second Series, Assessed Value.]

Appeal from Circuit Court, Elmore County; Gaston Gunter, Judge.

Bill by T. L. Austin against L. C. Smith and others, as members of the Commissioners' Court of Elmore County, to enjoin the issuance of certain warrants. Decree for complainant, and respondents appeal. Affirmed.

The purpose of the bill is to prevent the commissioners' court of Elmore county from proceeding to borrow $30,000 for the county; the allegation being that the assessed valuation of the property in the county is $5,917,635, and that the existing county indebtedness prior to January 1, 1917, is in excess of $240,000, which is more than 3½ per cent. of the total assessed value. On the theory that the actual value of the county's property is shown to be $9,862,725, and that an additional indebtedness of $30,000 would not aggregate an amount in excess of 3½ per cent. of the actual value of listed property, respondent moves to dissolve the injunction for want of equity in the bill; and from a decree overruling this motion, respondents appeal.

Frank W. Lull, of Wetumpka, for appellants. Smoot & Mullins, of Wetumpka, for appellee.

SOMERVILLE, J. Section 224 of the Constitution of 1901 provides:

"No county shall become indebted in an amount including present indebtedness, greater than three and one-half per centum of the assessed value of the property therein."

Appellants' contention is that the phrase "assessed value," as used in the constitutional provision quoted, means the actual value of the property listed for taxation; that is, the total valuation, upon which the taxable valuation of 60 per cent. is by law computed. Complainant's contention, on the other hand, is that the phrase "assessed value" means the value that is subjected to taxation. This is the only question in the case.

An assessment is a quasi judicial act, and "consists in making out a list of the taxpayer's taxable property, and fixing its valua-

tion or appraisement." Perry County v. Railroad Co., 58 Ala. 546, 559. It is, in short, an official valuation, by authorized officers, for the purpose of taxation. State v. N. Y., etc., R. R. Co., 60 Conn. 326, 335, 22 Atl. 765; People v. Priest, 169 N. Y. 432, 435, 62 N. E. 567; Allen v. McKay, 120 Cal. 332, 52 Pac. 828; City of Chicago v. Fishburn, 189 Ill. 367, 59 N. E. 791. So "assessed value" must mean the value assessed for taxation—that is, the value upon which the tax rate is imposed for the production of taxes. This is the natural and common-sense meaning of the language.

In South Carolina, the constitutional limitation on county indebtedness is that it "shall never exceed eight per centum of the assessed value of the taxable property therein." That court, construing that provision, said:

"Accordingly we find that the language used in the constitutional provision is not eight per centum of the actual, or real, or market value of the taxable property; but the language is 'of the assessed value of all the taxable property therein.' This word 'assessed' has, and had at the time of the adoption of the constitutional provision now under consideration, a well-defined meaning when applied to taxable property. * * * It must be regarded as meaning the value placed upon property for the purpose of taxation by officials appointed for that purpose." State v. Tolly, 37 S. C. 551, 554, 16 S. E. 195, 196.

In Illinois, the Constitution prohibits municipal indebtedness to an amount "exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and county taxes." The Illinois assessment statutes provide that the assessors shall determine the fair cash value of all property, and set down such value in a column headed "Full Value," and shall set down one-fifth part thereof in another column, to be headed "Assessed Value," and all taxes are to be apportioned, computed, and spread upon the assessed value so set down.

In Alabama, section 36A of the Revenue Act (Gen. Acts 1911, p. 185) provides that all "taxable property within this state shall be assessed, for the purpose of taxation, at sixty per cent. of its fair and reasonable cash value"; but there seems to be no requirement that the assessment returns or records shall contain any valuation other than the assessment valuation of 60 per cent. of the fair cash value. Keeping in mind the differences between the Illinois and Alabama provisions—the former being manifestly more favorable to appellant's contention than the latter—we quote with approval the following language from the case of City of Chicago v. Fishburn, 189 Ill. 367, 59 N. E. 791, dealing with the very contention now made, as pertinent to the instant case:

"The statute in force when the Constitution was adopted required an assessment of property at its actual value; * * * but it was common knowledge that under such statutes property was not assessed at its full value. * * * When the Constitution was adopted, no valuation of property in any assessment for state or county taxes had ever been made, except the proportionate value fixed by the assessor, and none was made afterwards, up to 1898. The assessor had always adopted some proportionate basis of value, and while it was necessary for him to determine the full value, in order to take a certain proportion or share as the assessed value, he set down the assessed value only. The provision of the present statute is that he shall set down such full value in a column prepared for that purpose, as a part of the process of determining the assessed value by a fixed proportion or part thereof. Under previous Constitutions, the rule adopted by assessors to take some share of the real value of property as its value for taxation had grown into a custom sanctioned by every department of the government and recognized by this court, and, unquestionably, the provision in question referred to the value so fixed for the purposes of taxation. The meaning of the Constitution does not change from time to time. The present law is in accord with the previous custom, but enforces uniformity by requiring the full value to be set down and a fixed share to be taken. We do not think that the requirement that the assessors shall set down the full value, and take a fixed share thereof as the assessed value, can be held to change the meaning of the Constitution that the limit is to be determined by the assessed value. We think the Constitution means that the limit of municipal indebtedness shall be computed upon, and shall not exceed, 5 per cent. of the official estimate of the assessors for the preceding year as a basis for the apportionment of state and county taxes. That is the amount which is set down in the column under the head of 'Assessed Value.'"

The conditions adverted to by the Illinois court have existed substantially in Alabama (State v. Birmingham So. R. R. Co., 182 Ala. 475, 62 South. 77, Ann. Cas. 1915D, 436), and the reasoning found in the quoted excerpt disposes of most of the arguments now presented by appellants. The distinction between assessed values and actual values is pointed out in State v. Birmingham So. R. R. Co., supra, and, indeed, is quite well understood by the general public.

We think it is clear beyond a reasonable doubt that the phrase "assessed value," as used in section 224 of the Constitution, means the value of property as assessed for taxation, and not its actual or cash value. And since the case presented by the bill brings the proposed additional debt within the prohibition of that provision, and excludes it from the operation of either of its provisos, the injunction was properly issued as prayed, and the motion to dissolve was properly overruled. The decree will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.