## TOWN OF MAGEE *v.* MALLETT.

(Division B.  May 10, 1937.)

[174 So. 246.  No. 32732.]

630

**W. M. Lofton,** of Mendenhall, for appellant.

Allen C. Thompson, of Jackson, for appellee.

Argued orally by **W. M. Lofton,** for appellant, and by **Allen C. Thompson,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

By chapter 317, Laws 1934, municipalities were authorized to acquire, own, and operate airports, and "to do all things and perform all acts necessary, proper or desirable to effectuate the full intent and purpose of this act." Section 2 (g). This included, of course, the power

and authority to contract and pay for the proper or necessary engineering work in connection with airports.

On or about November 15, 1934, appellant municipality contracted with appellee for such engineering work upon an airport located or to be located near said municipality, and agreed to pay for said work the sum of $300. The work was done and appellee's bill therefor was presented and allowed as hereinafter mentioned.

The original contract is admitted to have been oral, whereas it should have been entered upon the minutes of the mayor and board of aldermen. Town of Ackerman v. Choctaw County, 157 Miss. 594, 598, 128 So. 757. It seems to be the settled law, however, that a municipality, in the absence of express statute to the contrary, may subsequently ratify a previously unenforceable contract, which it had the power to make, when the work has been done and the benefits thereof received. 3 McQuillan Mun. Corporations (2 Ed.), sec. 1357; 19 R. C. L., p. 1075. And see Independent Paving Co. v. City of Bay St. Louis (C. C. A.), 74 F. (2d) 961.

At the regular December, 1934, meeting of the mayor and board of aldermen of said town, the following order was entered "On motion the account of W. E. Mallett, Jr., for $300 for services on Magee and Sanatorium Air Port was allowed and ordered paid out of the general fund, payable when funds are available." Fifty dollars was afterwards paid, but the balance of $250 remaining unpaid, appellee, on November 5, 1936, about two years after the work was done and the order of allowance therefor was made, filed his declaration in debt against the said town, to which declaration a demurrer was interposed. The demurrer was overruled, and the town failing to make an affidavit of meritorious defense, as required by section 547, Code 1930, in such case, a final judgment was entered by the court against the town.

In view of the fact that the work had been done and an order of allowance therefor entered upon the minutes, there would be no difficulty presented in respect to the

affirmance of the judgment except for the concluding sentence of the order of allowance which contains the provision above quoted that the payment is to be made when funds are available. Section 5979, Code 1930, enacts that, "No warrant shall be issued or indebtedness incurred by any county or municipality unless there is sufficient money in the particular fund from which the allowance is or must be made, to pay such warrant or indebtedness." See a recent discussion of this statute in Choctaw County v. Tennison, 161 Miss. 66, 134 So. 900. If there were no funds in the treasury to pay for this work when the contract was made, it may be that the contract could not be the subject of a subsequent ratification; but this point is not before us for decision. It is not shown that there were not sufficient funds on hand when the contract was made; and since officers are presumed to have followed the law unless the contrary expressly appear, we must assume that the funds were in hand when the contract was made, else the town would have shown to the contrary by a plea to the merits. The recital under discussion in the order must be interpreted under the present record to mean no more than that at the time of the order of allowance the funds were not in the treasury, and, such being the case, no warrant payable at once could be ordered, because of the last-quoted statute, hence the concluding provision of the order that the amount should be payable when funds are available.

And when such an order is entered, the duty of the board is to make the funds available within a reasonable time, under the ample provisions of law which are at the command of the board to produce the funds. A reasonable time was allowed by appellee before he entered suit, as we have already mentioned, and therefore the judgment must be affirmed.

Affirmed.