180 So. 283

## FIRST NAT. BANK OF MONTGOMERY v. TOWN OF LUVERNE.

### 4 Div. 978.

Supreme Court of Alabama.

Feb. 24, 1938.

Rehearing Denied April 21, 1938.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, and Pettus & Fuller, of Selma, for appellant.

W. H. Stoddard, of Luverne, and Powell & Hamilton, of Greenville, for appellee.

BROWN, Justice.

This is an action by the appellant against the appellee, the town of Luverne, on two promissory notes executed to McCalla & Kenan, the first for $5,811.61, on June 4, 1928, and the other for $5,330.30, on July 19, 1928, both payable October 1, 1928, acquired by the plaintiff in due course for value before maturity. The consideration of the notes was for work and labor performed in paving projects inaugurated by the defendant under the statutes authorizing local improvements of streets, the costs of which were assessed against abutting property owners; and it was stipulated in said notes that the maker "has the option and right to pay this note [the notes] in its improvement bonds issued under section 2225 * * * of the Code of Alabama, 1923, which bonds will convey a lien on the property improved under said ordinance, and bear interest at six per cent per annum." This stipulation relieved the notes of the character of negotiable papers. Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; Ex parte First National Bank of Ozark, 212 Ala. 274, 102 So. 371.

Therefore, in disposing of the questions presented on this appeal, we are treating the suit as one on nonnegotiable instruments, though the complainant declares on the notes as negotiable instruments.

The pleas were, the general issue denying the averments of the complaint, and special pleas 2, 3, 4, 5, 7, and 10.

Plaintiff demurred to pleas 4, 5, 7, and 10, and the demurrer was overruled.

Pleas 4 and 5 undertake to set up in bar of plaintiff's right to recover the fact that at the time the debt, the consideration for the execution of the notes, was contracted, the defendant had exhausted its power, as limited by section 225 of the Constitution of 1901, to contract debts. The facts of such indebtedness, the character thereof, and when contracted, are matters peculiarly within the defendant's knowledge, and should be stated with particularity and certainty to a common intent so that the court and the party may be advised and determine whether the debts previously contracted affect the debt limit and exhaust the defendant's power under the constitution.

Said pleas 4 and 5, construing the averments thereof most strongly against the pleader, disregarding mere conclusions of the pleader, are subject to some of the defects pointed out in the demurrer. Non constat, the debts constituting the consideration of said notes were contracted prior to the execution of said notes, and some of the alleged debts pleaded as exhausting the defendant's power are temporary loans to be paid within one year, contracted in anticipation of the collection of taxes, not exceeding one-fourth of the town's revenues, or may have been made up, in part, of obligations payable out of special funds, pledged for that purpose, and not debts affecting the constitutional limitation. The demurrer, therefore, was erroneously overruled. Constitution 1901, § 225; J. B. McCrary Co. v. Town of Brantley, 202 Ala. 136, 79 So. 602; Baisden v. City of Greenville, supra; Oppenheim v. City of Florence, 229 Ala. 50, 155 So. 859; Smith v. Town of Guin, 229 Ala. 61, 155 So. 865.

While the rulings on the demurrer to defendant's special plea of payment No. 7 are assigned as error, though not insisted on in argument, inasmuch as the judgment must be reversed for other reasons, in view of the trial to follow, we deem it not improper to observe that it was also subject to demurrable defects pointed out by some of the grounds.

It appears from the averments of said plea, construed most strongly against the pleader, that the payments made under the option embodied in the notes were made to McCalla & Kenan, after the maturity of said notes, and as alleged in the complaint, after they had become the property of the plaintiff, and does not aver that said notes were then in the hands of said McCalla & Kenan, nor negative knowledge that they had parted with the title thereto. Mobile & Montgomery Ry. Co. v. Jurey & Gillis, 111 U.S. 584, 4 S.Ct. 566, 28 L.Ed. 527.

Nowhere in the brief of appellee do we find any insistence that the indebtedness evidenced by the notes was paid, nor do we find in the record evidence showing full payment of the notes. Hence, we will not further consider the question of payment

as justifying the affirmative charge given by the court at defendant's request.

The statement in appellee's brief that: "The testimony without conflict shows that the notes declared on were given in evidence of certain indebtedness less 10% which had accrued to McCalla and Kenan under Improvement Ordinance No. 11 as Amended for work which had been done up to the dates of the execution of said notes as shown by the estimates of the engineer," is sufficient to warrant our dropping further consideration of the defendant's plea 3 that "the notes sued on were without consideration." Ragsdale v. Gresham, 141 Ala. 308, 37 So. 367.

We feel warranted, however, in observing that the plaintiff, in meeting the issue presented by said plea, the burden of proof of which was on the defendant, Code 1923, § 7662, the plaintiff was not confined to showing that the work was done under Ordinance No. 11 as amended; but it was permissible to show that part of the work was covered by Ordinance No. 13, even though said ordinance was passed subsequent to the work. It was within the competence of the corporation to ratify the acts of McCalla & Kenan in making the improvement by the passage of said Ordinance 13, in the form and mode prescribed by the statute and letting bid therefor. 19 R.C.L. 1075, § 360; 44 C.J. 123, § 2228; Town of Magee v. Mallett, 178 Miss. 629, 174 So. 246.

It is sufficient answer to the argument advanced by appellee that the indebtedness constituting the consideration of one of the notes included an item of $450.02 for "engineer's service," conceding that item to be unauthorized, is not within the scope of the issues presented by the pleadings. Partial failure of consideration and want of consideration are different defenses, and the one does not include the other. Want of consideration is a bar to the action, while partial failure of consideration only goes in reducing the recovery, and in legal effect, concedes consideration sufficient to sustain the notes. 8 C.J. 922, § 1206; Ragsdale v. Gresham, supra.

The provisions of section 2183 of the Code of 1923, as amended by Gen.Acts 1927, p. 761, impose on the municipality the authority and duty of appointing an engineer or superintendent, not related to or interested in the contractor, to superintend the work, and the municipality's failure to comply with this statute cannot be pleaded by it as a defense to a suit on notes given for work and labor done in performing the contract. Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538.

The appellee's concession in brief, that under one phase of the testimony, incorporated in the bill of exceptions, the defendant had not, at the time the notes sued on were executed, exceeded its debt limit by a margin of $152.15, is tantamount to an admission that the undisputed evidence did not sustain its pleas 4 and 5, which assert that before said notes were executed, it had contracted debts in excess of its powers under section 225 of the Constitution.

Therefore, under none of the issues presented by the defendant's pleas was it entitled to the affirmative charge, and the court erred in giving such charge at its request in writing.

The defendant, in support of the pleas 4 and 5, adduced, among other items of evidence, over plaintiff's timely objection, certain pages of what is denominated "City Tax Book Town of Luverne," 1927, which the testimony of the witness Pope, the town clerk, shows was taken from the assessment of property located in the town, by the state for the year 1926, by the county assessor calling from the state assessment and the witness entering on his "tax book" the name of the taxpayer and the value of the property; the property was not listed or described on the books. This was not an assessment of property for taxes, within the meaning of the statute and the constitution. Code 1923, §§ 2124, 2125, 2127, 2128, and § 2126, as amended by Gen.Acts 1931, p. 650; Town of Albertville v. Hooper, 196 Ala. 642, 72 So. 258; Smith v. Austin, 200 Ala. 472, 76 So. 404.

In the last-cited case it was ruled that an assessment within the meaning of the Constitution is a quasi judicial act consisting in making out a list of the taxpayer's *taxable property and fixing its valuation* or appraisement, an official valuation by authorized officers for the purpose.

And in Town of Albertville v. Hooper, supra, it was held that a mere listing of the name of the taxpayer and the value of property without listing the property was a nullity.

The Constitution, §§ 216 and 225, makes the assessed value of the property in

the town as evidenced by the last preceding assessment for state purposes the basis for determining the limit of the town's debt contracting power. Baisden v. City of Greenville, supra; Smith v. Austin, supra; Potts v. Court Commissioners of Conecuh County, 203 Ala. 300, 82 So. 550.

The court, therefore, erred in overruling the plaintiff's objections to said list incorporated in the city tax book for 1927, and for like reasons erred in admitting the ex parte certification of the clerk of the town entered on the minutes of the town.

The item of $2,806.24, listed as "The floating account in the amount of $2,806.24, shown above are due January 1st and are to be taken care of out of receipts from light and water and ice plants," was prima facie inadmissible in ascertaining the amount of the defendant's indebtedness in 1928, when the debts constituting the consideration of the notes sued on were contracted.

It was permissible for the plaintiff to show, if it could, by cross-examination of the defendant's witness or by other evidence, that any item of indebtedness shown by the defendant was within the class not provable as affecting the defendant's debt limit under the rulings of this court in Oppenheim v. City of Florence, supra, and other decisions to like effect.

For the errors noted the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.