BRADY, Justice:
This is an appeal from the Circuit Court of Monroe County, Mississippi, wherein the appellant’s appeal to the circuit court, from a judgment of a special court of eminent domain, was dismissed on the grounds that the appellant was without authority to proceed in the appeal. From this dismissal of its appeal by the circuit court, the appellant appeals here.
There is one controlling issue in this case, which is: Was the special meeting called on September 22, 1970, and the recessed meeting to September 29, 1970, properly called under appellant’s by-laws? The vote to perfect and prosecute the appeal of the judgment of the eminent domain court in favor of the appellee, Virginia Sykes, was carried by a three to two vote. Stated otherwise, did the appellant comply sufficiently with the requirement of its by-laws to constitute a duly called special meeting and a properly recessed adjournment and second meeting on September 29, 1970?
The facts essential in the determination of the issue are briefly these. The appellant initiated eminent domain proceedings against the appellee on April 3, 1970. The trial in the special court of eminent domain was held on September 17, 1970, and the jury awarded the appellee, Mrs. Virginia Sykes, $42,500 for her property. A judgment for this amount was entered on October 1, 1970.
On September 18, 1970, a call for a special meeting of the Board of Commissioners of The Urban Renewal Agency, hereinafter designated as Agency or appellant, to be held on September 22, 1970, at 5:15 p. m. was sent to all five members of the Board of Commissioners. This notice was signed solely by the secretary of the Agency. The stated purpose for the special meeting was to consider the passage of a resolution approving the appeal of the Virginia Sykes eminent domain judgment of $42,500 and for consideration of a resolution to appeal a similar case in which we are not concerned.
On September 22, 1970, all five of the commissioners were present at this special meeting but no decision to appeal the judgment was made and after discussion, thinking that a settlement might be consummated, the Agency’s minutes reflect “the meeting was recessed until 5:15 on September 29, 1970.” This copy of minutes was unsigned by the chairman but was signed by the secretary, James F. Dodds.
On September 29, 1970, at the recessed meeting, by a vote of three to two, the commissioners adopted a resolution authorizing the appeal of the Virginia Sykes judgment of the special court of eminent domain. The minutes of this meeting were not signed by the chairman until the day of the hearing on Mrs. Virginia Sykes’ motion to dismiss the appeal in circuit court, which was October 19, 1970.
While the hearing was commenced in the October 1970 Term of the Monroe County Circuit Court, it was adjourned and completed in vacation, and on December 21, *503 1970, the circuit judge ruled that appellee’s motion to dismiss was well taken and dismissed the appeal. It is from this dismissal that the appellant prosecutes this appeal.
The appellant’s argument in support of the validity of the said resolution is based upon the following facts:
1. There is no express requirement in the by-laws designating the chairman as the individual who must execute the calls or notices of special meetings.
2. That at both the special meeting of September 22, 1970, and the recessed meeting of September 29, 1970, all of the commissioners were present, and the necessity for the notice, or call, was made moot.
The appellant urges that there is no requirement that the chairman must sign the notice of a special meeting as shown by Section 3, Special Meetings, of the Bylaws. The appellant argues that since he has the authority to call such a meeting, necessarily he should have the authority to delegate the physical task of preparing, executing and delivering the calls. The secretary-treasurer is the logical subordinate upon whom the delegation of this ministerial function should rest, according to the appellant’s contention. In fact, the appellant submits that the by-laws make the secretary-treasurer the executor and director of the Agency and, as such, gives him power of general supervision in the administration of the Agency’s business and affairs. Appellant further urges that the secretary-treasurer is empowered by the by-laws to act as a document signer as reflected in Article II, Section 4. The chief contention of appellant is that the preparation, execution and delivery of the notice of a special meeting is a mere ministerial function and may be delegated by the chairman, and that if this proposition is well founded, there arises only the question of fact of whether the chairman did delegate these ministerial functions unto the secretary-treasurer.
It is urged by the appellant that the record is silent as to whether the chairman originated the call and then designated the ministerial function of physically issuing the call to the secretary. Because of this silence the appellant urges that the presumption that public officials will perform their duties in accordance with the law should prevail since there is no evidence to rebut this presumption. M. T. Reed Const. Co. v. Jackson Municipal Airport Authority, 227 So.2d 466 (Miss.1969); Caruthers v. Panola County, 205 Miss. 403, 38 So.2d 902 (1949); and Town of Magee v. Mal-lett, 178 Miss. 629, 174 So. 246 (1937).
The appellee urges that once the agency has exercised its power to adopt its rules and regulations, it is bound by the rules and by-laws adopted. Appellee submits that this is the general rule and that Mississippi has followed this rule in Simpson v. City of Gulfport, 239 Miss. 136, 121 So.2d 409 (1960).
The appellee further urges that the procedural method outlined in the by-laws governing the calling of a special meeting was not followed and that this failure made the meeting of September 22, 1970, an invalid or void meeting. Therefore, the failure rendered the resolution to appeal the judgment subsequently passed at the so-called “recess” meeting a nullity also.
The appellee refuses to concede that the chairman could, in any event, delegate his specific authority to “call” the special meeting. The appellee likewise submits that the court could not presume that the chairman issued the call and that the secretary merely carried out the ministerial function because there is just no logical basis for such a presumption. The appel-lee additionally points out that in the Simpson case, supra, the chairman in that case could just as easily have been presumed to have delegated his authority to the two commissioners, who sent out the notice under his direction. It is further argued on behalf of the appellee that this case before the bar forbids any such presumption as there is no evidence that the *504 notice was sent at all because the return is unsigned by the secretary and thus itself is a nullity. In addition to the return being unsigned by the secretary, the minutes of the September 22, 1970, called meeting were unsigned by the chairman.
The appellant- urges, without admitting any irregularity in the sending of the notice of the special meeting, that even if there was an irregularity in the notice of the special meeting of September 22, 1970, since all the commissioners were present at both the September 22 and the September 29, 1970, meetings, all of the purposes of the requirement of a notice of a special meeting were met by the actual attendance of all the members of the commission. Thus, appellant argues that an imperfect notice would be a mere technicality since all the members had received notice and were present at both the meetings and therefore their actions taken at these meetings should be considered valid. The appellant points out that in the cases cited by the ap-pellee there is one important difference: The notice or call was not served upon all the members, and those members who were not served were not present at the called meeting. The appellant urges and would have this Court accept the concept that the only purpose of the notice is to give the special meeting the stature of a regular meeting by allowing all the members an opportunity to attend and to participate. Therefore, the appellant submits that actual attendance and participation at a special meeting by all the members of the body cures any and all technical defects in the notice.
The appellee contends that the mere presence of five commissioners at the meeting did not constitute a waiver of procedural requirements; that the appellant is bound by its by-laws governing the special meetings of the Agency and that the failure to properly send out the notices resulted in making the meeting a nullity. The appellee, in support of its contention, relies on the Simpson case, supra. The appellee urges that the chairman of the Agency had the power to order a special meeting and in order to exercise this power, he had to comply with certain conditions; that upon appellant’s failure to comply with the required procedural conditions, any resulting meeting had no legality and its proceedings are a nullity regardless of the fact that all of the board members were present at this improperly and illegally called meeting.
In the appellant’s reply brief, near its conclusion, the following language is used:
There are technical imperfections in the notice and manner in which the minutes were recorded, and it is solely these which the Appellee attacks. However, there are no facts in the record to rebut the presumption that there was substantial compliance with the rules of procedure demanded by the by-laws, and that the resolution to appeal the Sykes Judgment was validly adopted.
This appears to be the basic issue which this Court is called upon to determine.
This issue is resolved by the express language found in Article III, Section 3, Special Meetings, which is as follows:
The Chairman of the Agency may, when he deems it expedient, or, upon the written request of two commissioners of the Agency, call a special meeting of the Board of Commissioners of the Agency for the purpose of transacting any business designated in the call. The call for a special meeting may be delivered to each commissioner of the Agency, or may be mailed to the business or home address of each commissioner of the Agency at least two days prior to the date of such special meeting. At such special meeting, no business shall be considered other than as designated in the call, BUT IF ALL OF THE COMMISSIONERS OF THE AGENCY ARE PRESENT AT A SPECIAL MEETING, ANY AND ALL BUSINESS MAY BE TRANSACTED AT SUCH SPECIAL MEETING. (Emphasis added.)
*505 Thus the Agency through its facile by-laws has created a panacea which rectifies any of its improper or irregular acts in calling a special meeting and acting on any matter relevant to the Agency. We have here perhaps a classical example of how the rights of individuals can be slowly eroded or taken over by the State through the creation of a committee- — the essence of all socialist orders — regardless of the beneficence of the objective. The awesome power of eminent domain has been vested in the Urban Renewal Agencies of this State. What is present here is nevertheless rule by committee which is a far cry from self-government under law. If any relief is forthcoming, it will have to be afforded by the legislature.
The judgment of the learned circuit judge is reversed and the cause is remanded for trial in the Circuit Court of Monroe County.
Reversed and remanded.
RODGERS, P. J., and JONES, SMITH and SUGG, JJ., concur.