## PORTER v. WORTHINGTON.

1. A bill in chancery, which discloses that the defendant is a resident of a different county from that in which the bill is filed, may be dismissed on motion.
2. A bill will not lie against an administrator, as such, for title to a tract of land sold by his intestate, and for which he executed his bond for title.

Error to the 42d Chancery District. Before the Hon. D. G. Ligon, Chancellor.

FALCONER, for the plaintiff in error.

1. The court had jurisdiction, the land being situate within the county of Randolph, where the bill was filed. See Clay's Dig. 342, § 162.

2. If there was a want of jurisdiction it should have been presented to the court by plea, in the nature of a plea in abatement. See Bank of Norfolk v. Holman et als. 12 Ala. 369; Freeman v. McBroom et al. 11 Ib. 943.

3. There was nothing presented by the motion which the court was authotized to act on, as the facts assumed in the motion to exist are not proven in any part of the record.

4. The whole proceeding was irregular.

No counsel for defendant.

CHILTON, J.—The bill in this case is fatally defective in more respects than one. It is filed in Randolph county, whereas the defendant resides in Benton, which was the county of the residence of his intestate, and in which letters of administration were granted to the defendant. This appearing on the face of the bill, it was very properly dismissed for this cause by the chancellor, on the motion of the defendant. But the bill is filed against an *administrator*, for title to a tract of land sold by the intestate, and for which he executed his title bond. The statute authorizes summary proceedings before the judge of the county court to require the administrator to make title in cases where the party holds the title bond of the intestate, and has made full payment, but it is clear this statute was not designed to apply to proceedings in chancery. On the contrary, it was doubtless enacted to render a resort to that court unnecessary. Upon the death of the intestate, his lands descended upon his heirs, and the administrator, as such, had no interest in them. The statute authorizes him, in certain cases, to petition for and obtain an order of sale of them from the orphans' court, but this vests him with no title—he is made the mere agent to pass the title out of the heirs, by virtue of the order granted in conformity to the law. The heirs of the intestate are not made parties to this bill, neither is Christopher C. Porter, who it is alledged purchased the land when sold by the administrator, with a notice of complainant's equity, and whose deed the bill prays may be cancelled. It is alledged that the defendant has purchased Christopher C. Porter's interest, and now claims said land and premises, *either as his own, or the property of his intestate.* Now it is clear, the deed to C. C. Porter cannot be cancelled without making him a party; and if the land be the property of the estate of Robert Porter, deceased, his heirs must be parties. If however, Worthington has purchased the title, with a knowledge of complainant's prior equity, the bill should so charge it, in which event he would hold the legal title as trustee for complainant, and there would be no necessity, in order to divest him of the title, that other parties should be made. But this bill seems to be filed against the administrator, *as such,* to enforce the

74

specific execution of the contract of the intestate for the sale of land. No power to pass the title is possessed by the administrator, and a decree of the court of chancery, that he convey such title as vested in him by virtue of his administration, would be nugatory. In respect to the question of jurisdiction, the bill derives no aid from the act, (Dig. 342, § 162,) referred to by plaintiff's counsel. That act pertains to actions at law. But the act of 1841, dividing the state into chancery districts, limits the jurisdiction to the county of defendant's residence. Shrader v. Walker, 8 Ala. Rep. 244. This case shows too, that advantage of the want of jurisdiction may be taken on motion, when it appears from the face of the bill that the suit is brought to the wrong county. The case of Freeman v. McBroom, 11 Ala. 943, merely shows that the objection to the jurisdiction is in abatement of the suit, and may be waived by submitting to answer without objection. The case is not an authority to show that the want of jurisdiction must be *pleaded* in abatement, for it refers to the decision of Shrader v. Walker without disapprobation.

Let the decree be affirmed.