# Campbell *v.* Crawford.

*Bill in Equity by Creditors for Account and Settlement of Assignment in Trust by Insolvent Partnership.*

1. *Where bill must be filed.*—When the defendants reside in this State, and the suit does not relate to real estate, nor seek to enjoin proceedings at law, a bill in chancery can only be filed in the district in which a material defendant resides.

2. *Same; how objection must be taken, if not filed in proper district.*—When a bill is filed in a chancery district which has not jurisdiction of the case, and the defect appears on the face of the bill, the objection may be taken by demurrer, or by motion to dismiss, if it has not been waived; but, when it does not so appear, a plea, in the nature of a plea in abatement, is proper.

3. *Same; when no court is held in proper district.*—A bill in equity can not be filed in Sumter county, against a resident citizen of Washington county, merely because no time may have been fixed by law for holding the court in the latter county.

Appeal from the Chancery Court of Sumter.

Heard before the Hon. A. W. Dillard.

The bill in this case was filed on the 2d July, 1879, by Nelson A. Crawford, on behalf of himself and the other cred-

itors of Patrick, Irwin & Co., against Robert M. Campbell; and sought an account and settlement of an assignment executed by said Patrick, Irwin & Co. to .said Campbell, as trustee, for the benefit of their creditors. The defendant filed a plea, verified by affidavit, as follows: "Comes the defendant, and pleads, that the bill of complaint exhibited against him in this cause is not exhibited against him in the proper chancery district, and therefore this court has not, and ought not to entertain jurisdiction of the same ; because he says that the same is filed in the district composed of the county of Sumter, in which said defendant does not reside, and did not reside at the time of filing the same ; that the bill is not one to enjoin proceedings or judgments in other courts, or against a non-resident, nor respecting real estate in said county of Sumter ; and that at the time of filing said bill, and for more than one year previous thereto, and till now, the residence of this defendant was in the county of Washington in said State. Wherefore he prays that he be not further held to answer said bill," &c. The chancellor sustained a demurrer to this plea, holding that it was defective both in form and substance ; and his decree on the demurrer is now assigned as error.

T. B. WETMORE, for the appellant.

SNEDECOR & COCKRELL, contra.

BRICKELL, C. J.—The jurisdiction of a Court of Chancery depends, not only on the subject-matter, but, when the parties defendant reside in this State, and the suit does not relate to real estate, or to the injunction of proceedings in other courts, the residence of the defendants, or of a material defendant, is an element of jurisdiction. The statute is mandatory, that the bill must; except in the cases specified, be filed in the district in which the defendants, or a material defendant, resides.—Code of 1876, § 3760. A bill, disclosing on its face that it is not filed in the district of residence of a material defendant, would be subject to demurrer, or could be dismissed on motion, if there has not been a waiver of the objection.—Shrader v. Walker, 8 Ala. 244 ; Porter v. Worthington, 14 Ala. 584; Lewis v. Elrod, 38 Ala. 17 ; Freeman v. McBroom, 11 Ala. 943. When the objection does not appear on the face of the bill, or the bill avers the residence of the defendant in the district in which it is filed, a plea, in the nature of a plea in abatement, is an appropriate mode of presenting the objection, and asserting the defendant's ex-

[Copeland & Brantley v. Cunningham.]

emption from suit in any other Court of Chancery, than that of the district of his residence.

The present bill was filed in the Court of Chancery of the county of Sumter, the fourth chancery district of the Western Division. The defendant, against whom it is filed, pleaded that, at and prior to the filing of the bill, his residence was not in that district, but in the county of Washington. The plea was overruled, it seems, rather on the ground, that the General Assembly had not prescribed a time for holding a Court of Chancery in the county of Washington, than upon any other which is urged in opposition to it. If this be true, which we do not feel called upon to decide, it is certain that the Court of Chancery of Sumter could not cure the omission, by drawing the citizens of Washington county within its jurisdiction, involving them in all the evils of suit elsewhere than the district of their residence, against which the statute intends to protect them. The General Assembly alone can supply the omission supposed, if it exists ; and until there is some change of the statute, it is a privilege of a defendant in chancery, under the limitations expressed, to be sued in the county of his residence, of which he cannot be deprived, when it is asserted in proper time, and in an appropriate mode.

The decree overruling the plea must be reversed, and a decree here rendered sustaining the plea, and dismissing the bill, at the costs of the appellee in this court, and in the Court of Chancery.