# Harwell *v.* Lehman, Durr & Co.

## *Bill in Equity for Foreclosure of Mortgage.*

1. *Filing bill in wrong district; how objected to.*—When a bill shows on its face that it is not filed in the proper district, it is subject to demurrer, or may be dismissed on motion; and if the fact does not appear on the face of the bill, a plea in the nature of a plea in abatement is the proper mode of presenting the objection.

2. *Where bill may be filed; who is material defendant.*—A material defendant, as the term is used in the statute specifying the several districts in which a bill may be filed (Code, § 3760), means a necessary or indispensable party, as distinguished from one who is merely a proper party.

3. *Same; parties to bill for foreclosure.*—When a junior mortgagee files a bill, asking a foreclosure of his mortgage, an account of both of the mortgage debts, and a sale of the property free from the incumbrance of both mortgages, the senior mortgagee is a necessary and indispensable party; and the bill may be filed in the district in which he resides.

4. *Same; where mortgage has been assigned.*—If the senior mortgage has been assigned, absolutely and unconditionally, leaving in the mortgagee no interest in it or the debt secured by it, the assignee would be a necessary party to a bill for foreclosure filed by a junior mortgagee, and the senior mortgagee would be only a proper party; but, if the assignment was conditional, and the condition had not been performed when the bill was filed, the assignor would be a necessary party, and the bill might be filed in the district of his residence; and being so filed, the subsequent performance of the condition, whereby the assignment became absolute, would not divest the jurisdiction of the court, nor be good ground for dismissing the bill.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on March 10th, 1882, by the partners composing the firm of Lehman, Durr & Co., a partnership doing business in the city of Montgomery, against A. O. Harwell and L. S. Driver, who were resident citizens of Coosa county; and against the partners composing the firm of Tatum & Wilkinson, a mercantile firm doing business in the city of Montgomery, where the partners also resided. The bill sought the foreclosure of a mortgage executed to the complainants by said A. O. Harwell, conveying several lots and parcels of land situated in Coosa county, together with personal property particularly described; an account of the mortgage debt,

[Harwell v. Lehman, Durr & Co.]

and an account of a debt due to said Tatum & Wilkinson (or their assignee, L. S. Driver)) which was secured by an older mortgage on the same property, and on which large payments were alleged to have been made; a sale of the property freed from the incumbrance of the mortgages, and the application of the proceeds of sale to the satisfaction of the secured debts in the order of their priority. A plea to the jurisdiction was filed by the defendants, on the ground, that the bill ought to have been filed in Coosa county, instead of Montgomery; and the appeal was taken from the chancellor's decree sustaining a demurrer to the plea.

SMITH & MACDONALD. with whom was L. E. PARSONS, Jr., for appellants, cited *Lewis v. Elrod*, 38 Ala. 17; *Waddell v. Lanier*, 54 Ala. 440; *Milner v. Ramsey's Adm'r*, 48 Ala. 287; *Tindal v. Drake*, 51 Ala. 574; *Campbell v. Crawford*, 63 Ala. 392; *Bolling v. Munchus*, 65 Ala. 558; *Ashurst v. Gibson*, 57 Ala. 584.

E. P. MORRISSETT, *contra*, cited *Broughton v. Mitchell*, 64 Ala. 220; *Lewis v. Elrod*, 38 Ala. 17.

BRICKELL, C. J.——A bill in equity, instituting suit between citizens of the State, must be filed in the district of the residence of a material defendant; or, if the purpose is to enjoin proceedings in other courts, it may be filed in the district in which such proceedings are pending; or, if the subject-matter of suit is real estate, it may be filed in the district in which such real estate (or a material part thereof) is situated.—Code of 1876, § 3760. A bill, disclosing on its face that it is not filed in the proper district, is subject to demurrer, or may be dismissed on motion. If the fact does not appear on the face of the bill, a plea in the nature of a plea in abatement is the appropriate mode of presenting the objection.—*Campbell v. Crawford*, 63 Ala. 392.

The present bill by a junior mortgagee, for the foreclosure of a mortgage on real and personal property, was filed in the district of the residence of the senior mortgagees, who are made parties defendant; the property being situate, and the mortgagor and assignee of the senior mortgage residing, in another district. The averments of the bill are, that the debt of the senior mortgagees has been largely reduced by payments, and that by some arrangement between them and one Driver, without having parted absolutely with all interest in the mortgage, the latter obtained from them possession of the mortgage, and claims some interest under it, the nature of which is unknown. The plea avers the residence of the mortgagor, and of

[Harwell v. Lehman, Durr & Co.]

Driver, and the locality of the property, to be in another district than that in which the bill is filed, and a transfer of the mortgage to Driver, upon a condition which was not performed until after the bill was filed The plea was overruled by the chancellor.

The purpose of the statute, in limiting suits in equity to the residence of a material defendant, as has been heretofore explained, like that of the statute limiting personal actions at law to the county of the permanent residence of a freeholder or householder, is, that parties may not be drawn into litigation in localities distant from their residence. In courts of equity, the general rule, founded on the highest considerations of public policy, is, that all persons materially interested in the subject-matter and object of suit, however numerous they may be, must be made parties.—Story's Eq. Pl. § 72. In their absence, the court can not render a decree which will be final and complete, silencing all future controversy, avoiding the necessity for a multiplicity of suits; nor can the court be certain that the decree it renders is founded on a consideration of the merits of the whole case, and that injustice may not result from it. Courts of law are, ordinarily, satisfied when the parties having the legal, though it is separable from the beneficial interest, are drawn before them; and, generally, have not power to require the presence of other parties. As the rules of a court of equity may require the presence of numerous parties, having different places of residence, the statutory limitation is met, whenever the bill is filed in the district of the residence of a *material* defendant. There are necessary and proper parties to a suit in equity—parties in whose absence the court will not proceed, and parties who may be properly brought before the court, without subjecting the bill to the objection of misjoinder. The present case may be employed as an illustration. The purpose of the bill being the foreclosure of a junior mortgage, a sale of the property mortgaged, free from incumbrances of both mortgages, the senior and the junior, the ascertainment of the real amount of the senior mortgage debt; the court could not, and would not, proceed to a decree in the absence of the senior mortgagee—he would be a necessary, indispensable party. But, if he had assigned the mortgage and mortgage debt absolutely and unconditionally, parting with all interest, the assignee would become the necessary, indispensable party, and the mortgagee would be, at best, merely a proper party.—*Prout v. Hoge*, 57 Ala. 28. It is the residence of a *necessary*, as distinguished from a mere *proper* party, which is the element of the jurisdiction of the court—a party having a real interest in the suit, and against whom a decree is sought.—*Lewis v. Elrod*, 38 Ala. 17. The senior mortgagees were, when the bill was filed, par-

ties of this description, according to the averments of the bill,. and the averments of the plea. They had parted with the mortgage, not absolutely, but upon a condition which might never be performed. It is more proper to say, that they had merely agreed to part with it, if Driver made the promised payment to them. Until the payment was made, they remained the mortgagees, having the exclusive right to receive payment of the mortgage debt. The performance of the condition by Driver, subsequently to the filing of the bill, could not retro-act, and divest the court of a jurisdiction which had rightly attached.

Affirmed.