# Nelson, *et al. v.* Wadsworth, *et al.*

*Bill to Declare a Deed a Mortgage, for an Accounting.*
*and to Redeem.*

(Decided April 19, 1911.  55 South. 120.)

1. *Mortgages; Deed as Mortgage; Debt.*—Where there is no debt due from the grantor to the grantee to be secured by the instrument, such instrument purporting on its face to be a deed will not be construed to be a mortgage.

2. *Same; Deed on Condition; Intention of Parties.*—In order to construe an instrument which, on its face, is a conditional sale, as a mortgage, the intention of both parties must be shown to have concurred that the instrument should operate as a mortgage.

3. *Same.*—Where an instrument on its face a conditional sale contains provisions of such repugnancy, together with the accompanying evidence, as to render its character doubtful, it will be construed as a mortgage, especially where such construction will operate equitably as between the parties.

4. *Same; Deeds as Mortgages; Evidence.*—In determining whether there is a debt to be secured by the instrument the fact that the consideration of the instrument was greatly less than the value of the property conveyed must be considered in determining whether or not such instrument is a deed or mortgage.

5. *Same; Bill; Sufficiency.*—A bill seeking to declare a deed a mortgage which alleges that the deed was given to secure a debt which the grantee claimed against the grantor, and to secure a judgment which a third person had obtained against the grantor, and which the grantee paid for the grantor, that the land was worth considerably more than the consideration expressed, that the grantor was in possession of the land at the time the mortgage was given and continued to reside thereon as his homestead, and then rented it for several years, shows sufficient facts as a bill to declare a deed a mortgage.

6. *Same; Laches.*—Where the bill alleges that the instrument was executed in 1886 and that the grantor resided upon the land con-

veyed until 1901, a bill brought by the heirs of such grantor, who dies intestate in 1907, was not demurrable for laches.

7. *Equity; Parties; Demurrer.*—A demurrer to a bill for want of proper parties must state the names of the parties omitted.

8. *Same; Pleading; Demurrer.*—Where a demurrer goes to the whole bill it cannot be sustained if under the bill complainant is entitled to some relief although the averments of the bill may be insufficient.

9. *Executors and Administrators; Bill to Declare a Deed a Mortgage; Parties.*—Where the bill was filed by the heirs of a deceased grantor to declare his deed a mortgage, and it is alleged therein that the estate of the deceased grantor owed no debts save that represented by the instrument, and that there was no necessity for an administration, the personal representative of the decedent was not a necessary party, and the heirs alone could properly file the bill.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Suit by L. W. Nelson and others, heirs of J. H. Nelson, deceased, against W. W. Wadsworth and another, to declare a deed a mortgage, and for an accounting, and to redeem. From a decree sustaining a demurrer to the bill, complainants appeal. Reversed and remanded.

The case made by the bill is that J. H. Nelson departed this life intestate in November, 1907, owing no debts, and no administrator had been appointed on his estate; that complainants are his only heirs at law; that on the 13th day of November, 1886, he owned a certain tract of land, which is described, and was in possession thereof, and on that day he and his wife executed to W. W. Wadsworth what purported to be on its face a deed (which is made an exhibit), but it is averred that said instrument was given to secure a debt and to operate as a mortgage only, and that the grantee so intended as well as the grantor. It is further averred that Wadsworth was claiming a debt of $154 against J. H. Nelson, including usurious interest, which he had been charging the said J. H. Nelson, and that the instrument

was made to secure said sum, and also a judgment which one W. F. Gulledge had secured against said Nelson of about $98.60, with the costs, which the said Wadsworth agreed to and did, pay to said Nelson, and that the balance of the consideration of $38.76 was to be paid by Wadsworth to Nelson, but was never paid. It is further alleged that at the time of the execution of the conveyance Wadsworth gave to the grantors an instrument in writing agreeing that they might pay off their indebtedness any time within 10 years and have the title of the land revert to them, and an allegation has been made that the written agreement was searched for, but has been lost. It is then averred that the land was worth greatly more than the amount of consideration expressed in the instrument, and that part of the consideration, with usurious interest, amounted to $100 or more, and that the debt has long since been paid to said Wadsworth. It is then alleged that the grantors were in possession of the land at the time of making the instrument, and that they continued to reside on it for two years as their homestead, and then rented the land to Wadsworth and others up to and including the year 1901, and that Wadsworth accounted to Nelson for said land, as a mortgagor in possession. It is then alleged that this money was taken in payment of the debt which the instrument was given to secure, and that, after Nelson became unable to look after his business, it was taken possession of by Wadsworth, who is now claiming it as his own, and has sold part of it to James Esco and part to Eddie Esco, who each had information as to complainants' rights and claims to said land when they purchased. It is then alleged that Wadsworth took possession of the land in 1902, and has been receiving the rents therefrom, and has cut valuable pine and other timber therefrom, and is still doing so. An-

swer and demurrers were filed to the bill, and the demurrers were sustained.

W. A. GUNTER, and C. E. O. TIMMERMAN, for appellant. Counsel insist that the case made is as good as any that was ever made against a similar transaction, and there is no room either for laches or limitation, but cite no authority in support of their contention.

MAC A. SMITH, for appellee. The amended bill shows that the instrument was a conditional sale, and the debt was extinguished by the making of the deed.—86 Ala. 333; 6 A. & E. Enc. of Law, 444. The contract for the reconveyance is too indefinite as to terms, price and time for enforcement to be enforced in a court of equity. —22 A. & E. Enc. of Law, 1045. Complainant's demand is stale.—54 Ala. 553; 55 Ala. 525; 61 Ala. 41; 67 Ala. 599. It is barred by limitations and laches.—Sec. 2830, and 4835, Code 1907. The allegation of usury is too vague, indefinite and uncertain.—110 Ala. 294. In any event, respondent is not liable for more than one year's rent.—Sec. 3850 Code 1907.

ANDERSON, J.—The bill in this case, as last amended, was filed to declare a deed a mortgage and to cancel same, or to redeem if said mortgage has not been satisfied. The bill avers that the instrument was given to secure, and not to discharge, a debt, and that both parties understood and intended that the transaction was a mortgage to secure the payment of a debt then existing and a further sum to be advanced. "One of the distinguishing tests by which to determine whether an instrument is a mortgage, or a sale with the privilege of repurchasing, is the existence or nonexistence of a debt to be secured. If there be no debt due from the grantor to the grantee, there can be no mortgage.

The idea of a mortgage without a debt to be secured by it is a legal myth in our system of jurisprudence."— *Vincent v. Walker,* 86 Ala. 336, 5 South. 465; *Douglass v. Moody,* 80 Ala. 61.

And to convert an instrument, on its face a conditional sale, into a mortgage, the intention and understanding of both parties to such instrument must be shown to have concurred that it should so operate.— *West v. Hendrix,* 82 Ala. 226; *Douglass v. Moody, supra.* "An instrument cannot operate, at one and the same time, as a mortgage and a conditional sale; these two classes of conveyance being chiefly distinguished by the existence of a debt in the former and its nonexistence in the latter. Where, however, the repugnancy of the provisions and the accompanying evidence render its character doubtful, it will accordingly be construed a mortgage, rather than a conditional sale—at least, where such a construction will operate equitably, by securing to the grantor or creditor his debt, with interest, and enable the grantor or debtor to effect a repurchase of his land."—*Vincent v. Walker, supra; Rapier v. Gulf City Paper Co.,* 77 Ala. 126; *Crews v. Threadgill,* 35 Ala. 334.

And the fact that the consideration is greatly less than the value of the property is an element for consideration in determining the question whether there is a debt in existence to be secured.—*West v. Hendrix, supra; Rapier v. Gulf City Paper Co., supra.*

The averments of the present bill are sufficient to convert the conveyance in question into a mortgage.

Nor was the bill demurrable upon the theory of laches or staleness, as it sets up that the mortgagor remained in possession of the land through himself or tenants until the year 1901.

[Nelson, et al. v. Wadsworth, et al.]

A demurrer to a bill for want of proper parties should state the names of the parties omitted.—*Chambers v. Wright*, 52 Ala. 444. Orie Moncrief and Loyd McCord are not omitted from the bill, as set up in the first ground of respondent's demurrer.

The bill, as last amended, avers that the estate of J. H. Nelson owed no debts, and there was no necessity for an administration, and the personal representative was not a necessary party, and the bill was properly filed by the heirs. 3 Mayfield's Dig. p. 253, § 1400, and cases there cited.

It may be that so much of the bill as last amended as seeks to set up usury in the mortgage debt may be insufficient, as it neither sets up the rate of interest charged nor the amount of usurious interest.—*Powell v. Crawford*, 110 Ala. 294, 18 South. 302. But the only demurrer raising the question goes to the whole bill, and not this part of it, and a demurrer to a bill as a whole cannot be sustained, if for any equity appearing in the bill the complainants are entitled to relief.—*MacMahon v. MacMahon*, 170 Ala. 338, 54 South. 165; *Beall v. Lehman Durr Co.*, 110 Ala. 446, 18 South. 230. And this rule applies, also, to the thirteenth ground of demurrer, relating to rents.

The chancery court erred in sustaining the demurrers to the bill as last amended, and in dismissing same; and the decree is reversed, and one is here rendered overruling the demurrers and setting aside the dismissal, and the cause is remanded.

Reversed, rendered, and remanded.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.