WHITE et ux. v. LEHMAN.   (6 Div. 943.)

(Supreme Court of Alabama.   Jan. 17, 1924.)

1. Fraudulent conveyances ⬸263(1)—Bill alleging fraudulent conveyance to wife of land purchased by husband held sufficient on demurrer.

A bill in equity, alleging that, after judgment debtor's liability had been incurred, he had title to lands purchased with his own funds conveyed to wife in fraud of complainant, and in another paragraph alleging a conveyance of the land to himself and wife jointly, *held*, as against demurrer, to show fraudulent concealment.

2. Equity ⬸138—That special prayers inapt held not to make bill demurrable.

Where allegations of a bill show that complainant is entitled to relief, and there is a general prayer, the bill is not demurrable, because special prayers are inapt or ask for relief

in excess of, or different from, that which the allegations warrant.

**3. Fraudulent conveyances ⊙⟹312(3)—Equitable relief limited to interest fraudulently conveyed.**

Where land was conveyed to debtor and his wife jointly in fraud of creditors, equitable relief to have the land subjected to creditor's judgment will be limited to the half fraudulently vested in wife.

**4. Fraudulent conveyances ⊙⟹313(1) — Not void, but land merely subjected to creditor's judgment.**

A special prayer in judgment creditor's bill to hold void debtor's conveyance to his wife will be disregarded, and the land merely subjected to the satisfaction of the judgment.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Chas. T. Lehman against J. N. White and wife. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The bill shows that complainant is a judgment creditor of respondent J. N. White, and that execution on his judgment was issued and returned by the sheriff "no property found"; that, after the liability of respondent J. N. White to complainant had been incurred, said respondent, in fraud of the rights of complainant, purchased with his own funds the tract of land described in paragraph 3 of the bill, and had a conveyance thereof made to his wife, the respondent Mary E. White, and with his own funds had erected a residence and other improvements thereon.

By paragraph 4 it is shown that respondent J. N. White, in fraud of complainant's right and after liability to him had been incurred, purchased with his own funds the tract of land described, causing conveyance to be made jointly to himself and wife, whereupon respondents made a mortgage on said lands to a building and loan association. It is alleged that the placing of joint ownership in himself and wife and execution of the mortgage constituted a plan to conceal his property, confuse his assets, and thereby hinder, delay, and defraud complainant in the collection of his claim.

It is prayed that the conveyance of the land and residence described in paragraph 3 be declared void, and such land and residence subjected to complainant's claims against respondent J. N. White.

It is further prayed that "the interest of complainant [respondent] J. N. White in and to the property described in paragraph 4" of the bill, be subjected to payment of complainant's claims.

There is also a prayer for general relief.

Davis & Locke, of Birmingham, for appellants.

To declare void the conveyance to the property described in paragraph 3 of the bill would divest all title out of respondents. The aspect of the bill seeking to subject the interest of J. N. White to the property described in paragraph 4 is without equity; as to this, there is an adequate remedy at law. 23 Cyc. 1432.

R. C. Redus, of Birmingham, for appellee.

Under the general prayer, the complainant may have the relief authorized by the facts averred, although he be mistaken in the special relief prayed. Rosenau v. Powell, 173 Ala. 123, 55 South. 789; May v. Lewis, 22 Ala. 646; Munford v. Pearce, 70 Ala. 452.

SOMERVILLE, J. [1] The allegations of the bill of complaint sufficiently show a fraudulent concealment of the funds of the respondent J. N. White in lands which he purchased with his own funds, but the title to which he procured to be conveyed to his wife. Unquestionably, on the showings of the bill complainant is entitled to have the land so vested in the respondent wife subjected to the satisfaction of his judgment, and such relief is always of equitable cognizance and administration. The bill, as amended, is not subject to any of the grounds of demurrer assigned, whether as to the bill as a whole, or as to any of its parts.

[2] The demurrer, or, more accurately speaking, the argument of respondents' counsel on the demurrer, is directed entirely against the aptness and propriety of the prayers for special relief, and not against the substance of the bill itself.

But the rule is well settled that, when the allegations of the bill show that the complainant is entitled to cognate relief, and there is a general prayer, the bill is not rendered demurrable by reason of the fact that special prayers are inapt, or ask for relief in excess of, or different from, that which the facts alleged would warrant. Rosenau v. Powell, 173 Ala. 123, 128, 55 South. 789, and cases cited therein.

[3] As to the land shown to have been conveyed to the two respondents jointly, the equity attaches of course only to the half interest fraudulently vested in the respondent wife, and relief will be limited to that interest. As to the half interest vested in the respondent debtor, the special prayer, if inclusive of it, will be simply disregarded.

[4] As to the other parcel, the prayer to hold as void the conveyance made to the wife will also be disregarded, and an appropriate decree will be rendered for the accomplishment of the purpose of the bill, which is simply the subjection of the land to the satisfaction of the judgment.

---

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We think the demurrer was properly overruled, and the decree in that behalf will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.