(111 So. 2)

### BAISDEN v. CITY OF GREENVILLE.
### (3 Div. 786.)

(Supreme Court of Alabama.   Jan. 13, 1927. Rehearing Denied Jan. 22, 1927.)

**1. Municipal corporations ⊕═1000(4)—Street improvement contractor held necessary party in taxpayer's action to enjoin city from issuing notes under contract.**

Street improvement contractor is necessary party in taxpayer's suit to enjoin city from issuing notes and bonds to pay for work, as required by contract, and involving validity of such contract.

#### On Rehearing.

**2. Appeal and error ⊕═187(3)—Nonjoinder of parties must be raised by special demurrer to be considered on appeal from interlocutory decree sustaining demurrer (Code 1923, § 6553).**

Under Code 1923, § 6553, substituting general demurrer for motion to dismiss bill for want of equity, and requiring other defects to be specially demurred to, question of nonjoinder of parties on appeal from interlocutory decree sustaining demurrer to bill will not be con-

sidered, unless raised by special ground of demurrer.

**3. Appeal and error ⊕═187(3)—Equity ⊕═117 —Nonjoinder of necessary party may be raised at any time or by court after final decree, where cause cannot be disposed of because of nonjoinder.**

On final hearing on merits of bill in equity, and on appeal from final decree, where cause cannot be properly disposed of because of nonjoinder of necessary party, objection may be made at hearing or on error, or may be taken by court ex mero motu.

**4. Appeal and error ⊕═187(3)—Question of nonjoinder of necessary party held not presented on appeal from decree denying injunction, where not raised by demurrer or answer.**

Where neither demurrer nor answer of city to bill to enjoin performance of contract between city and contractor raised question whether contractor was necessary and indispensable party, question of nonjoinder of contractor as party is not presented on appeal from decree denying injunction.

**5. Municipal corporations ⊕═865(3)—"Assessed value" of property as constitutional limit of municipal debt means assessed value for state taxation (Const. §§ 216, 225).**

Const. § 225, and preceding sections, especially section 216, limiting powers of municipal corporation to contract debts at fixed per cent. of assessed value of property therein, means assessed value of property as fixed for state taxation.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Assessed Value.]

**6. Municipal corporations ⊕═864(3)—Improvement notes and bonds, pledging general liability of city, may be issued only to amount limited by Constitution (Code 1923, § 2223; Const. § 225).**

Municipal corporation may issue notes and bonds for street improvement under Code 1923, § 2223, pledging its general liability only to amount of indebtedness limited by Const. § 225.

**7. Municipal corporations ⊕═864(4)—Improvement bonds to amount deemed expedient may be issued by city, but bonds may not be made general obligation of city (Const. §§ 223, 225; Code 1923, § 2227).**

City not excepted from provisions of Const. § 225, setting limit of indebtedness which may be incurred, may issue improvement bonds under Code 1923, § 2227, in amounts deemed expedient to be lien on property improved and assessment within limits of Const. § 223, but bonds may not be made general obligation of city which is not liable to holder of bonds in case of failure to collect.

**8. Municipal corporations ⊕═938—Notes by city providing that indebtedness may be discharged by improvement bonds limiting city's general liability held nonnegotiable.**

Notes attached to contract for street improvement, not carrying an unconditional promise to pay in money, but providing that indebtedness may be discharged by issuance of im-

---

provement bonds containing clause, limiting city's general liability to constitutional limit, are not negotiable.

**9. Municipal corporations ☞1000(5)—Bill to enjoin issuance of notes and improvement bonds, based on mere apprehension city will exceed debt limit, held without equity.**

Bill to prevent city from issuing notes and bonds to pay for street improvement, showing that city may keep within constitutional debt limit by paying notes and bonds before general debt limit is reached, is based on mere apprehension that city will exceed constitutional debt limit, and is without equity.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Bill in equity by Claude Baisden against the City of Greenville. From a decree on demurrer to the bill, complainant appeals. Affirmed.

Oscar A. Lane, of Greenville, for appellant.

The court cannot, ex mero motu, decide questions foreign to the issues between the parties. The contractor is not a necessary or indispensable party. Reed v. Wing, 168 Cal. 706, 144 P. 964; City Water Supply Co. v. City of Ottumwa (C. C.) 120 F. 309.

Powell & Hamilton, of Greenville, and Pettus, Fuller & Lapsley, of Selma, for appellee.

Obligations secured by the pledge of a fund which may reasonably be expected to be sufficient to meet the obligations without resorting to the levy of a property tax, do not constitute bonded debt within the meaning of the constitutional limitations, notwithstanding full faith and credit and taxing power are pledged for the payment of the obligations. Briggs v. Greenville County (S. C.) 135 S. E. 153; Wicks v. Salt Lake City, 60 Utah, 265, 208 P. 538; Corey v. City of Fort Dodge, 133 Iowa, 666, 111 N. W. 6. The appellee may agree to pay to the bondholders such part of the cost of the improvement as cannot or will not be paid by the property owners, within the maximum limitation on the city's obligation of $20,000, which is within its constitutional debt limit. Code 1923, §§ 2180, 2223, 2227. The debt limit fixed by the Constitution refers to 100 per cent. valuation of the property, and not the valuation carried on the assessment books. Miller v. Glenwood, 188 Iowa, 514, 176 N. W. 373; Hansen v. City of Hoquiam, 95 Wash. 132, 163 P. 391; Halsey v. City of Belle Plaine, 128 Iowa, 467, 104 N. W. 494.

MILLER, J. This is a bill in equity filed by Claude Baisden against the city of Greenville, a municipal corporation. He is over 21 years of age, resides within the corporate limits of this municipality, and is a taxpayer, owning property therein.

This city enacted a valid ordinance, according to the averments of the bill, providing for curbs and gutters on portions of certain streets in this city, and a contract was duly let to and made with one P. H. Tharpe therefor, who was the successful bidder. Tharpe under his contract did some of the work, then he abandoned it; and the contract between the city and him was canceled. A contract was then awarded by the city to Robert L. Kenan, the successful bidder, on the work remaining undone and described in the ordinance, and the approximate amount of the work remaining unfinished at the time of letting this contract to Kenan by the city was $100,000.

The complainant seeks by the bill to prevent by injunction the making and issuance by the city of the temporary notes monthly, mentioned in the contract, to pay in part for the work done and material furnished, and from afterwards issuing the bonds mentioned in the note and contract, and that the city be enjoined from carrying out the contract.

The defendant demurred to the bill, which was incorporated in answer to it. The cause was submitted to the court on bill, demurrers, and answer, for decree on demurrers to the bill, and on application for temporary injunction. The court by decree sustained the demurrers to the bill and denied the application for injunction. The complainant appeals from that decree, and it is the error assigned and argued.

It appears on the face of the bill by this contract between the city and Kenan that the temporary notes to be made and issued monthly are to be made payable to, and to be delivered to, Robert L. Kenan in part payment for the work done during the month by him. The contract is between the city and Kenan. The bill seeks to cancel this contract and to prevent and enjoin the making and issuing of the notes to him mentioned therein.

[1] The form of the notes to be given is a part of the contract, appearing in the bill, and each is made payable to Robert L. Kenan. The form of the bond mentioned in the note and in the contract appears in full in the bill. Yet Robert L. Kenan is not a party to this cause. He was not a party before the trial court when the cause was submitted and the decree rendered. He is a party to the contract, materially interested therein, which complainant seeks by the bill to enjoin the city from carrying out with him. He has a material interest in the contract, the subject-matter of the cause, which will be necessarily affected by the decree. The validity of his contract with the city is involved in the issue. The validity of this contract is the question presented for review. This makes him a necessary, indispensable party to the cause. His rights thereunder should not be adjudicated, unless he has full opportunity to appear and vindicate them. This contract should not be

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

declared invalid in whole or in part, nor held valid in its entirety, as presented by the averments and prayer of the bill, without making him a party to the cause with full opportunity to present his rights thereunder. Prout v. Hoge, 57 Ala. 28; Wilkinson v. May, 69 Ala. 33; Harwell v. Lehman, 72 Ala. 344, 346; Hodge v. Joy, 207 Ala. 198, headnote 25, 92 So. 171.

Neither the demurrers nor the answer of the city suggest or raise the question that he is a necessary party, unless it was raised by the general demurrer that there is no equity in the bill. However, he is such a necessary and indispensable party to this cause that it could not be properly disposed of by the trial court or this court without his being made a party, with opportunity to be heard in the court below and in this court; so this court must ex mero motu decline to pass on the questions presented, as Robert L. Kenan is not a party to the cause. Travis v. First Nat. Bank, 210 Ala. 620, headnote 5, 98 So. 890; Carwile v. Crump, 165 Ala. 206, headnotes 4 and 5, 51 So. 744; Sawyers v. Baker, 66 Ala. 292, headnote 2; Prout v. Hoge, 57 Ala. 28, headnote 3; and authorities supra.

The bill is fatally defective, as Robert L. Kenan, a maker of this contract with the city, is not a party to the cause; so the decree is affirmed, and the complainant is allowed 30 days within which to amend the bill, should he so desire.

*Affirmed.*

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

### On Rehearing.

PER CURIAM. [2] Since the adoption of the statute now constituting section 6553 of the Code of 1923, abolishing the motion to dismiss for want of equity, and substituting therefor the general demurrer to test the equity of the bill, and requiring other defects to be pointed out by special grounds of demurrer, it has been the rule of this court on appeal from interlocutory decrees sustaining demurrers to a bill that the question of nonjoinder of parties will not be considered, unless the point is taken by a special ground of demurrer. Singo et al. v. Brainard, 173 Ala. 64, 55 So. 603; McDuffie v. Lynchburg Shoe Company, 178 Ala. 268, 59 So. 567; Nelson et al. v. Wadsworth, 171 Ala. 603, 55 So. 120.

[3] On final hearing on the merits, and on appeal from a final decree where it appears the cause cannot be properly disposed of because of the nonjoinder of a necessary party, the objection may be made at the hearing or on error, or it may be taken by the court ex mero motu. Singo v. Brainard, supra; Prout v. Hoge, 57 Ala. 28.

[4] Therefore we now hold that the question of nonjoinder of Kenan as a party defendant, treated in the foregoing opinion, is not presented on this appeal, and the holdings of that opinion are disapproved.

Under an ordinance, conceded by the averments of the bill to have been legally adopted and valid, assessing the costs of the improvements against the property affected, creating a lien as a security for its payment to the extent of the value of the improvements to the property, the appellee, the city of Greenville, has let a contract to one Kenan for the completion of street and sidewalk improvements on certain of its streets, the contract providing that, as the work proceeds, monthly estimates are to be made covering the work done and materials used, 90 per cent. of the costs thereof to be paid to the contractor at the end of each calendar month by the execution by the appellee of "valid legal notes authorized by the council." Attached to the contract, and made a part thereof, is a form of note which the appellee proposes to execute, and which, after a general promise to pay a fixed sum at a given date with interest at 8 per cent. per annum, contains the following provisions:

"To secure the payment of this note, the full faith, credit and revenues of the city of Greenville are sacredly and irrevocably pledged, and, in addition thereto, the city of Greenville does hereby transfer and assign to the holder hereof the lien of the city of Greenville against all of the property improved under the provisions of improvement ordinance numbered ———, adopted by the city council of the city of Greenville, Ala., together with all assessments to be levied under said ordinance, and all rights and remedies of the city to collect such assessments.

"Provided, however, that the city of Greenville has the option and right to pay this note in its improvement bonds issued under section 2223, and following the Code of Alabama 1923, which bonds will convey a lien on the property improved under said ordinance, and bear interest at 6 per cent. per annum, and be approved as to legality by competent and reputable attorneys. Said bonds will pledge the general faith, credit, and revenues of the city of Greenville to the extent of any difference, not exceeding $20,000, in the assessments collected and paid to bondholders and the amounts due or to become due on said bonds."

The contract provides for the issuance of improvement bonds, under the provisions of section 2223 of the Code 1923, in denominations of $1,000 each in payment of said notes, in which there is embodied the following clause:

"The city of Greenville hereby agrees to pay and pledges its general faith, credit, and revenues in favor of the holder of this bond and the holder of all other bonds of this series to the extent of any difference not exceeding $20,000 in the assessments under said ordinance collected and paid to bondholders, and the amount due and to become due under this bond and the other bonds of this series; such obligation to inure to the benefit of all holders of

this series of bonds pro rata, no distinction to be made between principal and accrued interest."

The estimated cost of the improvements covered and provided for in the ordinance and contract is $100,000.

The appellee is a city of less than 6,000 population, and its present existing indebtedness is a bonded debt of $145,000 principal and interest. The assessed value of the taxable property as assessed for state purposes is $2,070,000, and the appellant seeks to enjoin the issuance of the notes and bonds as provided in said contract, and a cancellation of the contract on the theory that obligations as expressed in said notes and bonds are ultra vires.

[5, 6] When the provision of section 225 of the Constitution is read in connection with the preceding sections, especially section 216, it cannot be a matter of doubt that the provision of section 225, limiting the powers of a municipal corporation to contract debts at a fixed per cent. of "the assessed value of the property therein," means the assessed value of the property as fixed for state taxation. So, on the predicate presented here, the appellee, for all purposes authorized, including special street improvements, for which it may pledge its liability, is limited to an indebtedness of $165,000, giving it a margin over its present indebtedness of $20,000, and to this extent it may issue notes or bonds under the provisions of section 2223 of the Code, pledging its general liability.

[7] The appellee being one of the cities "not excepted from the provisions of the Constitution prescribing the limit of indebtedness which may be incurred by cities and towns," may issue "improvement bonds" under the provisions of section 2227 of the Code of 1923, in such amounts as it may deem expedient, the same to be a lien or charge against property improved within the limits of section 223 of the Constitution of 1901, and against the funds collected from the assessment levied against the property improved. Such bonds, however, may not be made the general obligation of the city or town, and, under the express provisions of the statute, the city or town is in no way liable to the holder of such bonds in case of failure to collect the same. Code 1923, § 2227.

[8, 9] The notes proposed to be given, which are attached to and made a part of the contract, are nonnegotiable, in that they do not carry an unconditional promise to pay in money, but provide that the indebtedness thereof evidenced may be discharged by the issuance and delivery of "improvement bonds," containing a clause limiting the appellee's general liability "to the extent of any difference, not exceeding $20,000, in the assessment under the ordinance collected and paid to the bondholders," and, even though it be conceded that, construing the contract as a whole, the notes pledge the general liability of the appellee for the payment of these notes, a question of some doubt, yet, so far as the averments of the bill go to show, the city may keep well within its constitutional debt limit by paying its notes in the bonds proposed before its general liability debt limit is reached.

Therefore, at most, the bill presents a case based on a mere apprehension of the complaint that the appellee will exceed its constitutional debt limit, and is without equity. O'Rear v. Sartain, 193 Ala. 275, 69 So. 554, Ann. Cas. 1918B, 593.

The decree sustaining the demurrer to the bill is free from error, and the application for rehearing will be overruled.

ANDERSON, C. J., and SAYRE, GARDNER, and BROWN, JJ., concur.