24 So.2d 419

**DICKSON v. DICKSON et al.**

1 Div. 242.

Supreme Court of Alabama.

Jan. 17, 1946.

W. C. Taylor, of Mobile, for appellant.

332

Jere Austill, of Mobile, for appellees.

SIMPSON, Justice.

The case made by the amended bill is to prevent the obstruction of a roadway and the equity is rested upon the right of a public road by prescription.

■ The general rule in this jurisdiction is that "an open, defined roadway, in continuous use by the public as a highway, without let or hindrance, for a period of 20 years, becomes a public highway by prescription." Central of Georgia Railway v. Faulkner, 217 Ala. 82, 114 So. 686, 687.

■ The bill of complaint to successfully assert such a right must show adverse user, excluding the private rights of the owner, continuously and uninterrupted for that period. Stewart v. White, 128 Ala. 202, 208, 30 So. 526, 55 L.R.A. 211; Attorney General v. Lakeview Land Co., 143 Ala. 291, 298, 39 So. 303.

■ An allegation of user under claim of right is tantamount to an averment of use under a claim adverse to the owner, Trump v. McDonnell, 120 Ala. 200, 204, 24 So. 353, and excludes the idea of permissive user.

■ Therefore the averment of the amended bill that the way was a public road, used by the complainant and others as such, under claim of right, for more than twenty-five years next preceding the filing of the suit and acquiesced in by respondent and his predecessor in title, negatives any permissive use and presupposes a continuous and uninterrupted user adverse to such owners.

The sections of demurrer, therefore, raising the question were properly overruled.

Error is also urged in overruling the demurrers attacking a phase of the prayer for relief which asks for the establishment of a way of necessity.

■ The sole equity of the bill is predicated upon a right to the use of a public road created by prescription and there are no averments of fact to justify the establishing of a way of necessity. A "right of way by necessity arises only when the complainant's land is wholly or partly surrounded by the land from the common source and over which the way is claimed", Greenwood v. West et al., 171 Ala. 463, 466, 54 So. 694, 695, and no such case is made by the allegations of the bill.

However, since the bill is sufficient in other respects and contains a proper prayer, this superfluous request for unwarranted relief does not render the bill demurrable but will simply be disregarded. Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Thomas v. Skeggs, 213 Ala. 159, 104 So. 395; Morrow v. Morrow, 213 Ala. 131, 104 So. 393; White v. Lehman, 210 Ala. 542, 98 So. 780; Staton v. Rising, 103 Ala. 454, 15 So. 848.

■ The remaining grounds of demurrer challenge the description of the alleged right of way as too indefinite to form the basis of a decree, but in this we cannot agree. The roadway described is sufficiently certain as an allegation of fact upon which, after the taking of competent evidence, a judgment may be properly rendered.

The decree of the trial court should be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.