28 So.2d 316

## Ex parte STROUD.
### 5 Div. 419.

Supreme Court of Alabama.

Dec. 19, 1946.

Omar L. Reynolds and Reynolds & Reynolds, of Clanton, for respondent.

J. B. Atkinson, of Clanton, for petitioner.

482

FOSTER, Justice.

This is a suit by the wife against the husband for support and maintenance for herself and children, and for a decree awarding their custody to her. It does not seek a divorce or separation, though it alleges matters which would justify a divorce, and prays for general relief.

■ The question here is on defendant's plea in abatement to the venue of the suit. It is in Chilton County. Defendant alleges in his plea that he was a resident citizen at the time the suit was begun in Mobile County, and that at the time of their separation they were resident citizens of Mobile County, and that the separation took place in Mobile County, and that he has continuously so resided there. Issue was taken on the plea. The court heard the evidence of the witnesses, and decided against defendant, holding that the plea in abatement was not sustained by the proof, and overruled it. This is a proceeding by mandamus to review that finding of facts and ruling, and is based on the case of Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510, for such procedure. Upon that authority, we granted a rule nisi, and will review the finding and ruling of the trial court.

The question is discussed in briefs as to whether the venue is controlled by section 28, Title 34, Code, for divorce suits, or by section 294, Title 7, Code, which is the general venue statute in equity.

■ ■ The bill does not seek a divorce specifically, but only for maintenance and custody of the children. See Ex parte Hale, 246 Ala. 40, 18 So.2d 713. But its allegations are sufficient to support a decree for divorce, and a general prayer is made in the bill. So that it would support a decree of divorce if granted by the court.

■ ■ But we consider it immaterial here whether one or the other statute applies. Under section 294, Title 7, Code, the suit must be in the county of the residence of defendant; whereas under section 28, Title 34, Code, it may be either in that county or one in which they resided when the separation occurred. In both statutes residence means domicile. The defendant was actually living in Mobile County when the separation occurred, and complainant was living there also. If the domicile of defendant was in Mobile County, they were residing there when the separation took place, and for like reason he was residing there when this suit was begun, so that under the requirements of both statutes Mobile County would be the proper venue. The only issue therefore is one of fact: did defendant have his permanent residence and his domicile in Mobile County at the time of the separation, and at the time suit was brought? That was the issue which the court tried and determined.

The evidence was in the main without dispute. It showed that the parties married in Chilton County in March, 1928, where their respective families resided, and where they had resided since infancy, except when he had worked in and around Mobile several years for the Alabama Power Company, but returned to Chilton County in February before they were married in March, and also worked in Mississippi for the Alabama Power Company in 1925. Farming was his main occupation, and that was in Chilton County, but he was sometimes out on public works. After he was married in March, 1928, they lived in Chilton County. But in 1943 he worked in Birmingham for a year for the Alabama Power Company, going to his home and family week-ends in Chilton County. In February, 1944, he was sent by the "Unemployment Board" in Birmingham to Mobile to work in the shipbuilding plant at Chickasaw. His wife and family moved there in September, 1944, and continued to live there until March 17, 1946, when she left him with her five children and returned to her former location in Chilton County, where her relatives still lived, and also where some of his relatives lived. He was a registered voter in Chilton County, and never changed his registration, nor his church membership; though his wife changed her church membership to Mobile County. She left him because of his relations with another woman, and his cruelty to her. In going to Mobile she carried all her furniture and possessions, except an icebox, stove and cow. She sold the cow, and brought back the balance of her furniture from Mobile.

Defendant is now staying at the Chickasaw Gulf Hotel No. 2, but not working anywhere at the time the testimony was taken.

The final result to be reached lies in inference as to his intention in going to Mobile. Ex parte Weissinger, supra. We interpret the evidence in the light of its historical connection, much of which is also there shown. The shipbuilding industry at Chickasaw during the War attracted a large number of workers from various sections of the State, intending to remain only for the period when such services would be needed. The fact that his family and furniture were there is not controlling of a purpose to make his residence there permanent. That is the only circumstance which has that tendency. Whereas he did not change his voting registration nor his church membership, and paid no poll tax there, and was sent by the board for a special purpose, which was presumably expected to be only temporary.

Our view is in accord with that of the trial judge that the evidence does not show that defendant intended to change his domicile from Chilton County, where it had been since his infancy to Mobile; that his residence was in Chilton County at the time the suit was begun, and the ruling to that effect on the plea in abatement was fully supported by the evidence.

Mandamus will therefore not be issued.

Petition denied.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.