33 So.2d 346

**WATKINS v. MARYLAND CASUALTY CO.**

6 Div. 615.

Supreme Court of Alabama.

Jan. 15, 1948.

Roy D. McCord, of Gadsden, for appellant.

London & Yancey, of Birmingham, for appellee.

BROWN, Justice.

This is a bill by appellee against appellant and others for discovery and relief filed under § 898, Title 7, Code of 1940, alleging that on October 20, 1943, appellant and W. N. Nail applied to the complainant to execute with them a contract (contractor's bond) in the amount of $52,700 to H. N. Donahoo Construction Company, pledging the faithful performance of certain work, executed in the name of Watkins & Nail by appellant, a partnership, as principal, and with the complainant as surety, delivered to said H. N. Donahoo Company.

That thereafter said construction company filed suit on said bond against appellant and Nail, individually, and as partners doing business as Watkins & Nail, and the complainant Maryland Casualty Company as surety in the Circuit Court of Jefferson County, alleging that said partnership failed to carry out its contract for which said bond was given; that said defendants appeared as such and testified as witnesses.

Judgment was rendered in favor of the Donahoo Construction Company, the plaintiff in said case, against said defendants and the complainant Maryland Casualty Company as surety on said bond in the sum of $12,350. On motion filed in said cause the amount of recovery was reduced by order of the court to $7,232.80. That said defendants refused, after notice, to appeal from the judgment so reduced and complainant as their surety on to wit, the 17th day of July, 1946, paid said judgment and filed in the office of the Clerk of the Circuit Court of Jefferson County an affidavit of suretyship and a transfer of said judgment and all rights under said judgment was transferred and assigned to it. Copy of said proceedings and judgment is attached as a part of the bill. That thereafter the clerk of the circuit court issued an execution against said defendants on said judgment and the same was returned by the Sheriff of Etowah County "no property found".

The bill further alleges that complainant is advised and believes and upon such information and belief avers that said Monroe B. Watkins is a man of wealth and is engaged and successfully engaged and was so engaged at the time of said judgment and has been at all times since in business in Gadsden. That said Nail is a contractor and has been engaged in business in this state and other states adjoining Alabama in the contracting business and has machinery and property with which he engages in the contracting business, specifying and designating a number of vehicles, as disclosed by the records in Etowah County, showing that said Nail owns or did own 15 motor vehicles, giving the date of the records from 1940 to 1946.

That in the application for said bond said Watkins and Nail represented that the homestead or residence of Watkins, who resides in Etowah County, Alabama, had a value of $5,000 and that the partnership owned other real estate of value of $400. That the homestead in which the said Monroe B. Watkins now resides is the property referred to in said application which stands in the name of his wife and that the other real estate owned by him is in his wife's name. That appellant Watkins has a substantial interest in the O. K. Rubber & Welding Company or a company with a

86

name similar to that name which is located on Lot 27, Forrest Home Addition to Gadsden, Etowah County, Alabama. That said Watkins owns a seven room house located on Lots 7 and 8 in Block 2, in Shaddowlawn Addition to East Gadsden, Alabama, and other property which is described in paragraphs 11, 12 and 13 of the bill.

The bill further alleges on information and belief that the said Nail owns certain property referred to in paragraphs 14 and 15 of the bill. That complainant is unable to collect from said Watkins and Nail or either of them any part of said judgment and that legal process which has been issued against the said respondents has been insufficient to enforce collection of any part of said judgment from the said respondents.

The bill prays for discovery and relief, and calls upon respondents to make discovery and disclose all the property in which they have an interest, legal or equitable, concluding with a general prayer for such further and different relief as it may be entitled to under the circumstances, facts and evidence disclosed by the discovery. 27 C.J.S., Discovery, § 11; Ex parte Stroud, 248 Ala. 480, 28 So.2d 316, 319; White et ux. v. Lehman, 210 Ala. 542, 98 So. 780.

The defendant Watkins demurred to the bill for want of equity; for want of jurisdiction in the court to hear and determine the matters because respondents are not alleged to be residents of Jefferson County; that the property alleged to be owned by Watkins is in Etowah County; that said complainant could not purchase said judgment adversely to respondents, and that the "wife of the Respondent, Monroe B. Watkins," is not made a party respondent to the bill, which seeks to involve the property rights of said wife of the respondent, and on other grounds. The demurrer was overruled, hence this appeal.

█ It is familiar law that if a bill discloses on its face that the court in which it is filed has no jurisdiction, it is subject to demurrer. But unless it is so shown, the want of jurisdiction should be raised by special plea. Harwell v. Lehman, Durr & Co., 72 Ala. 344; Porter v. Worthington, 14 Ala. 584; Campbell v. Crawford, 63 Ala. 392.

█ The correlative position is bound to be true, that if it appears on the face of the bill that the court has jurisdiction, a demurrer taking that point is not well taken. The bill alleges that the judgment, the basis of the discovery, was rendered by the Circuit Court of Jefferson County, and the statute authorizes the filing of the bill in the county in which the judgment debtor resides or in the circuit court of the county in which the judgment was rendered. Code of 1940, Tit. 7, § 898. The ground of the demurrer taking the point that the court was without jurisdiction was not well taken.

█ Where a surety pays a judgment rendered against the principal and the surety, the surety is subrogated as a matter of law to the rights of the original judgment plaintiff and is entitled to proceed in the name of such plaintiff to enforce collection of the judgment in any way the original judgment plaintiff could have proceeded. Code of 1940, Tit. 9, §§ 101, 102.

█ Ordinarily a demurrer to the bill for nonjoinder of proper parties must state the name of the party omitted if the party is named in the bill. Nelson v. Wadsworth, 171 Ala. 603, 55 So. 120; Chambers v. Wright, 52 Ala. 444; Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2. In the instant case the bill alleges that the real estate owned by Monroe B. Watkins stands in the name of his wife and the demurrer takes the point that the "wife of the Respondent, Monroe B. Watkins," is not made a party. We entertain the opinion that the 6th ground of the demurrer meets the requirements of the rule and that Mrs. Watkins was not only a proper but a necessary party to the bill. Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107. The court, therefore, erred in overruling the demurrer. The decree of the circuit court is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.

SIMPSON, J., limits his concurrence to the conclusion.