198 So.2d 787

**Sylvia S. DAVIS**

v.

**Carlton H. DAVIS.**

**7 Div. 731.**

Supreme Court of Alabama.

April 28, 1966.

Rehearing Denied May 5, 1967.

Roy D. McCord, Gadsden, for appellant.

Hugh Reed, Jr., Centre, for appellee.

LAWSON, Justice.

This appeal is from a decree entered in a divorce case. Appellant, wife, filed a bill against appellee, husband, seeking among other things a divorce from bed and board on the ground of cruelty. The appellee, husband, filed an answer denying the material allegations of the bill and also filed a cross bill seeking an absolute divorce on the grounds of voluntary abandonment and cruelty. The appellant, wife, answered the cross bill denying its material averments.

The case was heard on the oral testimony of the witnesses. At the conclusion of the testimony the trial court granted an absolute divorce to the wife and awarded her other relief not necessary to mention here. Appellee, husband, was refused relief under his cross bill.

From that decree the wife, complainant below, has appealed to this court.

The sole insistence made by the appellant, wife, is that the trial court erred in granting her an absolute divorce which she did not want and for which she did not pray in her bill.

We hold that the appellant's contention is well taken under our recent holding in McLendon v. McLendon, 277 Ala. 323, 169 So.2d 767, 171 So.2d 234. The McLendon Case is in all material respects similar to the case at bar except that the trial court in McLendon granted the wife a divorce from bed and board, which she sought in her bill, and the husband undertook to have this court reverse on the ground that the trial court erred in not granting the wife an absolute divorce. We affirmed the trial court, saying in part:

"Regardless of the argued desirability of granting a full divorce in all cases where the grounds for a divorce are established, such policy is beyond our province in view of the clear statutory provisions providing for the award of limited divorces where the party applying desires such a limited decree." (277 Ala. 325, 169 So.2d 769)

The fact that the appellant, wife, in her bill prayed for general relief did not authorize the granting of an absolute divorce inasmuch as there was a special prayer for a divorce from bed and board only. We have gone to the original transcript in the McLendon Case, supra, and find that the wife's bill in that case contained a prayer for general relief in substantially the same language as the general prayer in appellant's bill.

The decree of the trial court was not unqualifiedly in favor of the appellant and she can take benefit from a reversal, hence she is entitled to appeal. Cf. Freeman v. Blount, 172 Ala. 655, 55 So. 293.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

On Application for Rehearing

LAWSON, Justice.

After the foregoing opinion was released, the attention of the writer was called to a statement contained in the case of Ex parte Stroud, 248 Ala. 480, 28 So.2d 316.

Thereupon, the cause was put on the rehearing docket for further consideration.

In the Stroud case, the wife brought suit in the Circuit Court of Chilton County against the husband for support and maintenance for herself and children and for custody of the children. The husband filed a plea in abatement to the venue of the suit, wherein he alleged that he was a resident citizen of Mobile County at the time the suit was begun and that the separation took place in Mobile County where both parties then resided.

In reviewing the holding of the trial court to the effect that the plea in abatement was not sustained by the proof and in reviewing the court's action in overruling the plea in abatement, we said in part:

"The bill does not seek a divorce specifically, but only for maintenance and custody of the children. See Ex parte Hale, 246 Ala. 40, 18 So.2d 713. But its allegations are sufficient to support a decree for divorce, and a general prayer is made in the bill. So that it would support a decree of divorce if granted by the court." (248 Ala. 482, 28 So.2d 317)

But the language just quoted was not intended to convey the idea that this court would have upheld a decree of the trial court divorcing the parties when the wife did not seek a divorce but merely sought support, maintenance and custody of the children.

We have concluded that the case of Ex parte Stroud, supra, is not in conflict with our opinion on original deliverance in this case and the application for rehearing is hereby denied.

Application for rehearing denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.